No. 07-654C
(JUDGE MILLER)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PAULA R. MOOREHEAD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S MOTION TO DISMISS

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Office of Chief Counsel
Transportation Security Administration

January 7, 2008

# TABLE OF CONTENTS

ISSUES PRESENTED ........ 1

STATEMENT OF THE CASE. ........ 2

I. Nature Of The Case ........ 2

II. Statement Of Facts. ........ 2

SUMMARY OF ARGUMENT. ........ 6

ARGUMENT. ........ 7

I. Legal Standard Pursuant To RCFC 12(b)(1). ........ 7

II. Pursuant to 28 U.S.C. § 1500, Ms. Moorehead's Title VII Claims Filed Simultaneously In The United States District Court For The Western District Of Washington, Divest This Court Of Jurisdiction To Entertain Count II Of The Amended Complaint. ........ 7

A. Pursuant To 28 U.S.C. § 1631, Ms. Moorehead's Title VII Claim In The District Court And Count II Of Her Amended Complaint In This Court Were Pending At The Same Time. ........ 9

B. Count II Of Ms. Moorehead's Amended Complaint Arises From The Same Facts And Seeks The Same Relief As Her Title VII Claim Before The District Court. ........ 11

C. Count II Of Ms. Moorehead's Amended Complaint Seeks The Same Relief As That Requested In Her Complaint Before The District Court. .. 12

III. Alternatively, Count II Of The Amended Complaint Is Time Barred. ........ 13

IV. Even If Count II Of The Amended Complaint Were Not Time Barred, Ms. Moorehead Should Not Be Entitled To Amend Her Complaint. ........ 15

A. Undue Delay. ........ 16

B. Prejudice To The Government. ........ 17

C. Ms. Moorhead Has Failed To Demonstrate That Justice Requires The Amendment Of Her Complaint. ........ 18

CONCLUSION. ........ 18

# TABLE OF AUTHORITIES

## CASES


Adams v. United States,
78 Fed. Cl. 556 (2007). .......... 14

Alder Terrace, Inc. v. United States,
161 F.3d 1372 (Fed. Cir. 1998).......... 7

Alfa Laval Separation Inc. v. United States,
47 Fed. Cl. 305 (2000). .......... 16

Bailey v. United States,
46 Fed. Cl. 187 (2000). .......... 8

Bull v. United States,
479 F.3d 1365 (Fed. Cir. 2007).......... 14

Caddy-Imler Creations, Inc. v. Caddy,
299 F.2d 79 (9th Cir. 1962). .......... 15

Cupey Bajo Nursing Home v. United States,
36 Fed. Cl. 122 (1996). .......... 15

De Leon v. United States,
69 Fed. Cl. 336 (2005). .......... passim

Fiebelkorn v. United States,
76 Fed. Cl. 438 (2007). .......... 12

Foman v. Davis,
371 U.S. 178 (1962).......... 16

Griggs v. Pace American Group, Inc.,
170 F.3d 877 (9th Cir. 1999). .......... 15

Harbuck v. United States,
58 Fed. Cl. 266 (2003), aff'd, 378 F.3d 1324 (Fed. Cir. 2004). .......... passim

Harbuck v. United States,
378 F.3d 1324 (Fed. Cir. 2004).......... passim

Keene Corp. v. United States,
508 U.S. 200 (1993).......... passim

Kirby v. P.R. Mallory & Co.,
489 F.2d 904 (7th Cir. 1973). .......... 17

Krumme v. Westpoint Stevens Inc.,
143 F.3d 71 (2nd Cir. 1998). .......... 17, 18

Lewis v. United States,
32 Fed. Cl. 59 (1994). .......... 7

Loveladies Harbor, Inc. v. United States,
27 F.3d 1545 (Fed. Cir. 1994). .......... passim

McNutt v. Gen. Motors Acceptance Corp.,
298 U.S. 178 (1936). .......... 7

Rockwell Automation Inc. v. United States,
70 Fed. Cl. 114 (2006). .......... 15

Rocovich v. United States,
933 F.2d 991 (Fed. Cir. 1991). .......... 7

Scheuer v. Rhodes,
416 U.S. 232 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). .......... 7

Te-Moak Bands of W. Shoshone Indians of Nev. v. United States,
948 F.2d 1258 (Fed. Cir. 1991). .......... 16

United States v. County of Cook,
170 F.3d 1084 (Fed. Cir. 1999). .......... passim

Vaziburd v. United States,
46 Fed. Cl. 309 (2000). .......... 13

Weber v. United States,
71 Fed. Cl. 717 (2006). .......... 15

Zenith Radio Corp. v. Hazeltine Research Inc.,
401 U.S. 321 (1971). .......... 15

## STATUTES

Pub. L. No. 107-71, 115 Stat. 597 (Nov. 19, 2001). .......... 2

28 U.S.C. § 1361 .......... 5

28 U.S.C. § 1491 ..... 7

28 U.S.C. § 1500 ..... passim

28 U.S.C. § 1631 ..... 9, 10

29 U.S.C. § 206(d) ..... passim

29 U.S.C. § 216(b) ..... 4

29 U.S.C. § 255 ..... passim

29 U.S.C. § 555 ..... 2

42 U.S.C. § 2000e et seq. ..... 1, 3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAULA R. MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 007-654C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss count II of the amended complaint for lack of subject matter jurisdiction. As we demonstrate below, the Court lacks subject matter jurisdiction to entertain count II of the amended complaint pursuant to 28 U.S.C. § 1500. Alternatively, the Court lacks jurisdiction to entertain count II of the amended complaint because it was filed outside the time limitation set forth in 29 U.S.C. § 255. Finally, even if the Court holds that it possesses jurisdiction to entertain count II of the amended complaint, plaintiff, Paula R. Moorehead, has improperly amended her complaint out of time. In support of this motion, we rely upon the amended complaint, the following memorandum of law, and the appendix attached hereto.

**ISSUES PRESENTED**

1. Whether, pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction to entertain plaintiff's Equal Pay Act, 29 U.S.C. § 206(d), claim alleged in count II of the amended complaint where her Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), claim based upon the same operative facts and seeking overlapping relief, was filed simultaneously in the United States District Court for the Western District of Washington.

2. Whether, pursuant to 29 U.S.C. § 555, count II of the amended complaint is time barred.

3. Whether Ms. Moorehead has improperly amended her complaint out of time.

## STATEMENT OF THE CASE

### I. Nature Of The Case

Ms. Moorehead brings this action pursuant to the Equal Pay Act. This action was originally filed in the United States District Court for the Western District of Washington. In her amended complaint, Ms. Moorehead alleges that, while employed as a transportation security screener ("screener") by the Transportation Security Administration ("TSA"), the TSA paid higher salaries to male screeners performing the same duties she performed. Am. Compl. ¶ 4. Ms. Moorehead additionally alleges that while assigned to perform the duties of lead transportation security screener ("lead screener") by the TSA, the TSA paid male lead screeners higher salaries. Id. at ¶ 6.

### II. Statement Of Facts[1]

On November 19, 2001, following the terrorist attacks of September 11, 2001, Congress passed the Aviation and Transportation Security Act ("ATSA"), and created the TSA to protect the nation's transportation systems, including civil aviation. Pub. L. No. 107-71, 115 Stat. 597 (Nov. 19, 2001). Included within the ATSA was a Congressionally mandated deadline that TSA hire and deploy screeners at all United States airports not later than one year after the date of enactment. ATSA, Pub. L. No. 107-71, Title I, § 110(c), 115 Stat. 597, 616 (codified at 49

[1] For purposes of this motion only, unless otherwise indicated, we accept as true the factual allegations as set forth in the complaint. However, in the event our motion is denied, we reserve the right to contest each and every factual allegation in the complaint.

U.S.C. § 44901 note). Accordingly, TSA became responsible for appointing, training, and deploying screeners for airport employment, instead of the private sector screeners who had, prior to September 11, 2001, been responsible for security screening at airports within the United States.

Ms. Moorehead was hired as a screener by TSA on October 13, 2002. Am. Compl. ¶¶ 1-2. Ms. Moorehead alleges that the TSA "intentionally hired males . . . at a higher rate of pay to perform the duties of Transportation Security Screener. . . ." Id. at ¶ 4. Additionally, Ms. Moorehead alleges that on January 11, 2003, she was assigned to perform the duties of lead screener, without any increase in pay, while male screeners assigned to the same duties were paid a higher salary. Id. at ¶ 5.

On October 20, 2005, Ms. Moorehead filed her original complaint with the District Court alleging sex discrimination under 42 U.S.C. § 2000e-2(a)(1) ("Title VII"), as well as violation of the Equal Pay Act, 29 U.S.C. § 206. A1. Specifically, Ms. Moorehead alleged that TSA violated the Equal Pay Act when it "hired at least one . . . male at the same establishment at an annual salary (not counting locality pay) greater than the salary at which it hired Plaintiff." Id. She further alleged that her supervisor discriminated against her on the basis of sex in violation of Title VII because he reassigned the responsibility for acting as Lead Screener from Ms. Moorehead to a male co-worker depriving her of the ability to earn a higher salary. Id.

Count I of the original complaint alleged an Equal Pay Act violation and requested "damages in an amount of the difference between the salary received by Plaintiff since the start of her employment with Defendant and the salary received by male employees paid at a higher rate than Plaintiff for equal work within the meaning of the Equal Pay Act, together with an

additional equal amount as liquidated damages as specifically authorized by 29 U.S.C. § 216(b) and 29 U.S.C. § 206(d)(3) of the Act" A1. Count II of the original complaint alleged a Title VII violation and requested relief including "reinstating Plaintiff to the position of Lead Screener . . ., pecuniary and non-pecuniary damages . . ., reasonable attorney fees and litigation expenses . . ., [and] any further or additional relief which the court finds equitable, appropriate or just. . . ." A1.

Both parties conducted extensive discovery based on the original complaint. TSA responded to three sets of interrogatories and produced over 3000 pages of responsive documents. Plaintiff deposed five TSA witnesses, and Defendant deposed the Plaintiff.

On January 17, 2007, TSA filed a motion to dismiss or in the alternative for summary judgment. A2. TSA argued that Plaintiff's Title VII claim should be dismissed for failure to timely exhaust administrative remedies, and that her Equal Pay Act Claim should be dismissed because Plaintiff filed in district court outside of the statute of limitations. Furthermore, TSA argued that exclusive jurisdiction lies with the United States Court of Federal Claims to the extent that Ms. Moorehead was seeking more than $10,000 in damages for the alleged Equal Pay Act violation. In the alternative, TSA moved for summary judgment on both the Title VII claim and the Equal Pay Act claim. Id.

On March 5, 2007, the district court granted TSA's motion to transfer the Equal Pay Act claim to this Court. At the same time, the district court denied TSA's motion for summary judgment on the Title VII claim. A3. That claim was subsequently tried to a jury, which rendered a unanimous verdict in favor of the United States on all Title VII claims. A4.

Subsequently, pursuant to our motion, "[t]he record in the case [was] transferred to this

court from the United States District Court for the Western District of Washington pursuant to 28 U.S.C. § 1361 in accordance with the district court's orders of March 5, 2007 and June 4, 2007. The transferred record was received and filed in this court on September 10, 2007. The Clerk noted on the docket at that time that the 'transfer complaint' was due to be filed in this court by October 9, 2007." November 8, 2007 Order of the Court.

On November 5, 2007, plaintiff filed a "Motion for a Change of the Attorney of Record and Motion for Enlargement of Time Out of Time and Motion for Filing of the Amended Complaint." Id. On November 8, the Court granted plaintiff's motion and accepted plaintiff's amended complaint for filing.

Count I of Ms. Moorehead's amended complaint tracks the Equal Pay Act count of the original complaint filed in the district of Washington. Compare Compl. ¶¶ 1-4 with A1 ¶ 2. Count II of the amended complaint, however, arises out of the same operative facts contained in the Title VII count of her original complaint: the allegedly discriminatory circumstances surrounding Ms. Moorehead's tenure as acting Lead screener. Compare Compl. ¶¶ 5-7 with A1 ¶ 3. The only significant difference between count II of the amended complaint and the Title VII count of the original complaint is that Ms. Moorehead is now complaining about how much she was paid during her tenure as acting Lead screener, whereas her original complaint focused on her supervisor's decision to remove her from that position. In her prayer for relief before this Court, Ms. Moorehead asks the Court to declare the conduct of defendant in violation of the Equal Pay Act, and seeks pay differential, back pay, and attorney's fees and expenses. Compl. ¶ 8.

## SUMMARY OF ARGUMENT

Pursuant to 28 U.S.C. § 1500, this Court lacks jurisdiction to entertain count II of the amended complaint. Ms. Moorehead filed her Equal Pay Act claim at the same time as her Title VII claim in district court. Because her original complaint in district court and count II of her amended complaint in this Court arise from the same facts and seek the same relief, the district court claims, filed simultaneously with Ms. Moorehead's Equal Pay Act claim, divest this Court of jurisdiction.

Alternatively, pursuant to 29 U.S.C. § 255, count II of the amended complaint would be time barred. Any relief this Court may afford Ms. Moorehead is limited to any violations of the Equal Pay Act she alleged to have occurred in her original Equal Pay Act claim filed in the district court. Ms. Moorehead alleges violations of the Equal Pay Act which occurred, at the latest, in 2003. Because Ms. Moorehead's amended complaint was filed on November 5, 2007, it falls outside the statute of limitations period and, is thus barred.

Finally, if the Court holds that it possesses jurisdiction to entertain count II of the amended complaint, it should reject Ms. Moorehead's late attempt to amend her complaint to add the allegations contained count II. Ms. Moorehead's delay in asserting her additional claim clearly is undue, and Ms. Moorehead has not met her burden to demonstrate justification for the delay. The Government would be prejudiced substantially if Ms. Moorehead is permitted to amend her complaint at this late stage of the litigation after completion of discovery and a trial on her Title VII claim.

## ARGUMENT

### I. Legal Standard Pursuant To RCFC 12(b)(1)

The Plaintiff bears the burden of establishing jurisdiction. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Alder Terrace, Inc. v. United States, 161 F.3d 1372, 1377 (Fed. Cir. 1998). When deciding a motion to dismiss based upon lack of subject matter jurisdiction, this Court assumes all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984). If the undisputed facts reveal any possible basis upon which the non-moving party might prevail, the Court must deny the motion. Id. If, however, the motion challenges the truth of the jurisdictional facts alleged in the complaint, the Court may consider relevant evidence in order to resolve the factual dispute. Harbuck v. United States, 58 Fed. Cl. 266, 267 (2003) (citing Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); Lewis v. United States, 32 Fed. Cl. 59, 62 (1994)), aff'd, 378 F.3d 1324 (Fed. Cir. 2004).

### II. Pursuant to 28 U.S.C. § 1500, Ms. Moorehead's Title VII Claims Filed Simultaneously In The United States District Court For The Western District Of Washington, Divest This Court Of Jurisdiction To Entertain Count II Of The Amended Complaint

Ms. Moorehead filed her Equal Pay Act and Title VII claims simultaneously in the United States District Court for the Western District of Washington on October 20, 2005. Because the Title VII and Equal Pay Act claims were filed simultaneously, pursuant to 28 U.S.C. § 1500, this Court lacks subject matter jurisdiction to entertain count II of the amended complaint.

This Court possesses jurisdiction to entertain suits founded upon the Equal Pay Act, 29 U.S.C. § 206, pursuant to the Tucker Act, 28 U.S.C. § 1491. Harbuck, 58 Fed. Cl. at 267. The

subject matter jurisdiction of this Court, however, is narrowed by 28 U.S.C. § 1500, which creates an exception to the general Tucker Act jurisdiction. De Leon v. United States, 69 Fed. Cl. 336, 339-40 (2005); Harbuck, 58 Fed. Cl. at 268. Section 1500 of Title 28 of the United States Code provides that "[t]he United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500; see also Keene Corp. v. United States, 508 U.S. 200 (1993); Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc). The policies underlying section 1500 are to "force plaintiffs to choose between pursuing their claims in the Court of [Federal] Claims or in another court," Harbuck v. United States, 378 F.3d 1324, 1328 (Fed. Cir. 2004), and to "protect the United States from having to defend two lawsuits over the same matter simultaneously." United States v. County of Cook, 170 F.3d 1084, 1090-91 (Fed. Cir. 1999) (citations omitted); see also Bailey v. United States, 46 Fed. Cl. 187, 193 (2000) ("[T]he purpose of section 1500 is to prohibit the filing and prosecution of the same claims against the United States at the same time.").

In determining whether section 1500 bars jurisdiction over a claim, this Court must conduct a two-prong inquiry to determine: "(1) whether a claim in this court is pending at the same time as a claim in another court, and (2) whether the claims are essentially the 'same claims' because [they] arise out of the same operative facts and seek the same relief." De Leon, 69 Fed. Cl. at 339 (citing Harbuck, 378 F.3d at 1328-29).

**A. Pursuant To 28 U.S.C. § 1631, Ms. Moorehead's Title VII Claim In The District Court And Count II Of Her Amended Complaint In This Court Were Pending At The Same Time**

Pursuant to the transfer statute, 28 U.S.C. § 1631,

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . ., and the action . . . **shall proceed as if it had been filed in . . . the court to which it was transferred on the date upon which it was actually filed in . . . the court from which it is transferred**.

28 U.S.C. § 1631 (quoted in County of Cook, 170 F.3d at 1087) (emphasis added). Section 1631 was "designed to remedy the situation in which a litigant has mistakenly filed an action in a court that lacks jurisdiction." County of Cook, 170 F.3d at 1089.

In County of Cook, the United States Court of Appeals for the Federal Circuit considered how claims filed simultaneously in district court, where one claim is later transferred to the Court of Federal Claims pursuant to 28 U.S.C. § 1631, affect the Court of Federal Claims' jurisdiction pursuant to 28 U.S.C. § 1500. The court determined that section 1500 analysis "'depends upon the state of things at the time of the action brought.'" Id. at 1090 (quoting Keene, 508 U.S. at 207). The appellate court held "that the 'filing' of the same claim simultaneously in district court and the Court of Federal Claims by operation of § 1631 deprives the latter court of jurisdiction pursuant to § 1500." Id. at 1091. See also Harbuck, 378 F.3d at 1328 ("The question of whether another claim is 'pending' for purposes of § 1500 is determined at the time at which the suit in the Court of Federal Claims is filed. . . ." (quoting Loveladies Harbor, 27 F.3d at 1548)).

The facts of Ms. Moorehead's case are similar to those in Harbuck, 58 Fed. Cl. 266, which was affirmed by the Federal Circuit. In that case, on February 27, 2001, the plaintiff filed

a complaint against the United States in district court alleging an Equal Pay Act violation as well as Title VII claims. Id. at 267. Plaintiff moved to transfer the Equal Pay Act claim to this Court and that motion was granted. Id. Plaintiff filed a complaint in this Court on December 18, 2002, alleging the Equal Pay Act violation. Id. Plaintiff's Title VII claims remained with the district court, and on June 19, 2003, the district court rendered judgment, granting defendant's motion for summary judgment. Id. The Government moved to dismiss plaintiff's Equal Pay Act claim for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1500. Id. This Court granted the Government's motion to dismiss, finding that, although final judgment had been rendered upon the claims in district court, the relevant date for section 1500 purposes "is not today but plaintiff's date of filing." Id. at 268 (citing UNR Industries, Inc. v. United States, 962 F.2d 1013, 1021 (Fed. Cir. 1992) (en banc)). This Court cited County of Cook for the proposition that the filing of plaintiff's Title VII claims and Equal Pay Act claim at the same time by operation of 28 U.S.C. § 1631, deprived the Court of Federal Claims of jurisdiction pursuant to 28 U.S.C. § 1500. Id. at 269 (citing County of Cook, 170 F.3d at 1091).

Similar to Harbuck, Ms. Moorehead's Equal Pay Act claim before this Court, which was transferred pursuant to 28 U.S.C. § 1631, is deemed filed at the same time as her Title VII claim in district court (that is, October 20, 2005). Indeed, as we demonstrated above, a unanimous jury granted judgment for the United States upon Ms. Moorehead's Title VII claim. A4; see Keene, 508 U.S. at 207. Thus, Ms. Moorehead's Title VII claim, filed simultaneously in district court with her Equal Pay Act claim, was "pending" within the meaning of 28 U.S.C. § 1500 when this case was filed. See De Leon, 69 Fed. Cl. at 340.

**B. Count II Of Ms. Moorehead's Amended Complaint Arises From The Same Facts And Seeks The Same Relief As Her Title VII Claim Before The District Court**

"Deciding if the claims are the same or distinctly different requires a comparison between the claims raised in the Court of Federal Claims and in the other lawsuit." Loveladies Harbor, 27 F.3d at 1549 (internal quotation marks omitted). Under this second prong of the section 1500 analysis, this Court must determine whether Ms. Moorehead's Title VII and Equal Pay Act claims arise out of the same operative facts and seek the same relief. De Leon, 69 Fed. Cl. at 339-41; see Harbuck, 378 F.3d at 1328; Loveladies Habor, 27 F.3d at 1551. "'Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court.'" Id. at 1550 (quoting Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988)). The operative facts need only be substantially the same, not exactly the same. See Loveladies Harbor, 27 F.3d at 1557.

The reason for this rule is that "'section 1500 was enacted for the benefit of the government and was intended to force an election where both forums could grant the same relief, arising from the same operative facts.'" Id. (quoting Johns-Manville, 855 F.2d at 1564). "[I]t is 'operative facts' and not legal theories by which claims may be distinguished under § 1500 when the same relief–money damages–is sought." Harbuck, 378 F.3d at 1329 (citing Loveladies Harbor, 27 F.3d at 1549).

A comparison of Ms. Moorehead's original complaint filed in district court and count II of her amended complaint filed in this Court reveals that both arise from the same operative facts and seek overlapping relief. The relevant sections of both complaints pertain to the time when Ms. Moorehead was temporarily assigned to serve as Lead screener. Compare Compl. ¶¶ 5-7

with A1 ¶3. Further, the relevant portions of both complaints allege that Ms. Moorehead's assignment as Lead screener failed to result in her achieving higher pay. Id. Moreover, although not identical, Ms. Moorehead's allegation that she was paid less than her male counterparts when she acted as Lead screener arises from these same operative facts as her Title VII claim which was already decided by the district court. Id. Thus, the complaints are based upon the same operative facts. Harbuck, 378 F.3d at 1329 ("the two theories upon which she relies are but different manifestations of the same underlying claim that the Air Force discriminated against women by paying them less than men.").

Finally, to the extent that the Equal Pay Act claim and Title VII claims are necessarily based upon different legal theories, such a difference does not alter the conclusion that the operative facts are the same. See Loveladies Harbor, 27 F.3d at 1549; see also Keene Corp., 50 U.S. at 212.

### C. Count II Of Ms. Moorehead's Amended Complaint Seeks The Same Relief As That Requested In Her Complaint Before The District Court

A review of Ms. Moorehead's complaints also makes clear that she is requesting overlapping relief in both cases: economic damages including back pay, attorney's fees and costs, and other relief that the Court deems just and equitable. Compare Compl. ¶ 8 with A1 at Request For Relief. While the original complaint filed in district court also requests reinstatement in the section pertaining to the Title VII claim, id., this additional request does not change the fact that the same relief - monetary damages - is requested in both complaints. For section 1500 to apply, there only needs to be some overlap in the relief requested. Keene, 508 U.S. at 212; see Fiebelkorn v. United States, 76 Fed. Cl. 438, 442 (2007) ("So long as the same kind of relief is sought in both cases, the second prong of § 1500 is satisfied.").

"The Federal Circuit has made it clear that a party cannot separate the same operative facts into two different theories which seek the same relief . . . even if it is uncertain which legal theory fits." Vaziburd v. United States, 46 Fed. Cl. 309, 311 (2000). Because Ms. Moorehead's claims in both courts are based upon the same facts and were filed simultaneously, and because she seeks the same relief in both courts, 28 U.S.C. § 1500 divests this Court of jurisdiction to entertain count II of the amended complaint. By bringing her claims alleged in count II of the amended complaint in this Court, Ms. Moorehead hopes to pursue, in two courts, different legal theories based upon the same facts and seeking the same remedy. Section 1500 prohibits jurisdiction in such a case.

## III. Alternatively, Count II Of The Amended Complaint Is Time Barred

If the Court determines that it possess jurisdiction to entertain count II of the amended complaint, pursuant to 29 U.S.C. § 255, count II of the amended complaint would be time barred.

As we demonstrated above, count II of the amended complaint alleges the same operative facts as the allegations supporting and seeks overlapping relief with Ms. Moorehead's Title VII claim upon which she did not prevail in district court. However, if the Court holds that count II of the amended complaint alleges different facts than those in the original complaint filed in district court, count II of the amended complaint would necessarily be alleging new facts, based upon a new theory of an Equal Pay Act violation. Specifically, Ms. Moorehead's Title VII claim in the district court alleged that her supervisor discriminated against her on the basis of sex because he reassigned the responsibility for acting as Lead screener from Ms. Moorehead to a male co-worker. A3 at 2-3, 7. If the Court holds that Ms. Moorehead's allegation that she was paid less than her male counterparts when she acted as lead screener is not the same claim that

was already decided in the district court, it is necessarily a new claim, which was first alleged at the time of the filing of her amended complaint in this Court on November 5, 2007.

The statute of limitations for commencing an action pursuant to the Equal Pay Act is "two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); Bull v. United States, 479 F.3d 1365, 1379 (Fed. Cir. 2007); Adams v. United States, 78 Fed. Cl. 556, 574 (2007). Thus, any relief this Court may afford Ms. Moorehead is limited to any violations of the Equal Pay Act she alleged to have occurred in her original Equal Pay Act claim filed in the district court.

Therefore, if the Court determines that count II of Ms. Moorehead's amended complaint is a new claim based upon different operative facts than those alleged in the district court it falls outside the two year statute of limitations.[2] Specifically, Ms. Moorehead alleges violations of the Equal Pay Act which occurred, at the latest, in 2003. Compl. ¶¶ 5-7; see RCFC R. 15(c)(2) (allows an amended pleading to relate back to the original filing date when the "claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."). If the Court holds that Ms. Moorehead's claim does not arise from the same operative facts as those pending in district court, it necessarily can not fall within the operation of Rule 15(c)(2). Because Ms. Moorehead's amended complaint was filed on November 5, 2007, it falls outside the statute of limitations period and, is thus

[2] Even if Ms. Moorehead's complaint were to be construed as alleging a willful violation, count II would still be barred because the complaint was filed more than three years subsequent to the alleged violation.

barred.

For these reasons, if the Court holds that 28 U.S.C. § 1500 does not remove count II of the amended complaint from the Court's jurisdiction, the Court does not possess jurisdiction to entertain count II of the amended complaint because it is time barred. Weber v. United States, 71 Fed. Cl. 717, 718 (2006).

## IV. Even If Count II Of The Amended Complaint Were Not Time Barred, Ms. Moorehead Should Not Be Entitled To Amend Her Complaint

As we demonstrated above, Ms. Moorehead filed her district court complaint on October 20, 2005. If the Court holds that it possesses jurisdiction to entertain count II of the amended complaint, it should reject Ms. Moorehead's late attempt to amend her complaint to add the allegations contained in count II.

Although as a general matter leave to amend a complaint should be "freely given when justice so requires," a plaintiff's ability to amend its complaint is not automatic. Cupey Bajo Nursing Home v. United States, 36 Fed. Cl. 122, 132 (1996). A trial court has broad discretion to permit or deny a proposed amendment of a complaint. Zenith Radio Corp. v. Hazeltine Research Inc., 401 U.S. 321 (1971). Moreover, a trial court has greater discretion to deny a motion for leave to amend when the plaintiff already has amended its complaint. Griggs v. Pace American Group, Inc., 170 F.3d 877, 879 (9th Cir. 1999); Rockwell Automation Inc. v. United States, 70 Fed. Cl. 114, 122 (2006) (court may deny motion to amend a pleading if pleading could have been cured by an earlier amendment). In considering a motion for leave to amend the complaint, the Court must consider the particular facts and the circumstances of the case. Caddy-Imler Creations, Inc. v. Caddy, 299 F.2d 79, 84 (9th Cir. 1962). Where the facts and circumstances indicate undue delay by the plaintiff in seeking leave to amend, undue prejudice to

the defendant or the futility of the proposed amendment, leave to amend should be denied. Foman v. Davis, 371 U.S. 178, 182 (1962). As demonstrated below, the Court should not allow Ms. Moorehead to amend her complaint to add count II.

**A. Undue Delay**

A court may deny a party leave to amend its pleading if the motion was filed after a period of undue delay. Te-Moak Bands of W. Shoshone Indians of Nev. v. United States, 948 F.2d 1258, 1261 (Fed. Cir. 1991) (upholding denial of leave to amend after eight year delay); Alfa Laval Separation Inc. v. United States, 47 Fed. Cl. 305, 312-13 (2000) (denying leave based upon 2 year delay; collecting cases in which leave was denied upon the basis of the following periods of delay: 19-33 months, four years and six years). Indeed, "at some point in the course of litigation, an unjustified delay preceding a motion to amend goes beyond excusable neglect, even when there is no evidence of bad faith or dilatory motive. Liberality in pleading, does not bestow on a litigant the privilege of neglecting [its] case for a long period of time." Te-Moak, 948 F.2d at 1262-63 (internal quotations omitted) (emphasis in original). Moreover, delay may, by itself, constitute a sufficient basis upon which to deny a motion for leave to amend a pleading, even without a showing of prejudice to the non-moving party. Id. The party who seeks leave bears the burden of showing that the delay in filing an amendment to the pleading was justified. Id.

Ms. Moorehead's delay in asserting her additional claim (that is, count II of the amended complaint) clearly is undue, and Ms. Moorehead has not met her burden to show justification for the delay. Ms. Moorehead filed her original complaint over two years ago in district court, where discovery was completed, motions were filed and decided, and a jury trial was held, ultimately resulting in judgment for the United States. Now, subsequent to losing her case in district court,

Ms. Moorehead has attempted to amend her complaint to include a new Equal Pay Act claim without even seeking leave of the Court. Ms. Moorehead has failed entirely to offer any explanation for leave to amend as to why she waited over two years to assert this new claim. Ms. Moorehead's delay in seeking to assert her new claim is wholly unjustified.

**B. Prejudice To The Government**

The Government would be prejudiced substantially if Ms. Moorehead is permitted to amend her complaint at this late stage of the litigation after completion of discovery on her original complaint and a trial on her Title VII claim. Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2nd Cir. 1998) ("[a] proposed amendment is especially prejudicial … [when] discovery had already been completed and [non-movant] already filed a motion for summary judgment.") (internal quotations omitted); Kirby v. P.R. Mallory & Co., 489 F.2d 904, 912-13 (7th Cir. 1973). During the course of discovery, the United states responded to three sets of inrterrogatories, produced over 3000 pages of documents, and participated in approximately six depositions. Based on the fruits of this discovery, defendant moved for summary judgment on Ms. Moorehead's then existing Equal Pay Act claim, which was limited to how her pay was set when she was initially hired by the agency.

Prior to filing her amended complaint in this Court, Ms. Moorehead did not allege any Equal Pay Act violations based upon her allegations of being "required to perform the duties of Lead Transportation Security Screener, without any increase in pay . . . ." Compl. ¶ 6. Thus, Ms. Moorehead's amendments represents a significant change in the theory of Equal Pay Act violation she asserts. To allow Ms. Moorehead to assert these claims now would be substantially prejudicial to the Government.

An amendment of the complaint at this stage would complicate the proceedings and work undue delay in the resolution of this case. Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2nd Cir. 1998) ("One of the most important considerations in determining whether an amendment would be prejudicial is the degree to which it would delay the final disposition of the action."). The parties have already completed discovery upon the issue presented for review in count I of the amended complaint. Therefore, if our motion to dismiss were denied, the Government would be prepared to file a motion for summary judgment in short order. However, if Ms. Moorehead were permitted to pursue count II of the amended complaint, the parties would likely need to take new discovery, involving substantial time and money. The Government's interest is to bring this matter to a speedy and appropriate conclusion. Thus, Ms. Moorehead's attempt to forestall these proceedings by adding new claims to her complaint is prejudicial to the Government.

### C. Ms. Moorhead Has Failed To Demonstrate That Justice Requires The Amendment Of Her Complaint

Ms. Moorehead has not provided any basis to support her filing of an amended complaint. Ms. Moorehead has failed to carry her burden to demonstrate that justice requires that leave to amend be granted; therefore, count II of the complaint should be stricken.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss count II of the amended complaint for lack of subject matter jurisdiction. Alternatively, we request that count II of the complaint be stricken.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/Todd M. Hughes
TODD M. HUGHES
Deputy Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Office of General Counsel
Transportation Security Administration

January 7, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of January, 2008, a copy of the foregoing "Defendant's Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand