**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| PAULA R. MOOREHEAD,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL CHERTOFF, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, TRANSPORTATION SECURITY ADMINISTRATION,<br><br>Defendant. | NO.<br><br>COMPLAINT FOR EMPLOYMENT DISCRIMINATION |

COMES NOW Plaintiff Paula R. Moorehead, by and through John C. Montoya, attorney, and for claims against Defendant Michael Chertoff, Secretary, U.S. Department of Homeland Security, Transportation Security Administration, alleges and avers as follows:

## I. JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C § 203(e)(1)(2)(A) (the Equal Pay Act of 1963), 29 U.S.C. § 206(d), 42 U.S.C. 2000e *et. seq.*, (Title VII of the Civil Rights Act of 1964 as amended), 42 U.S.C. 2000e-16(a) and (c), and 42 U.S.C. 2000e-5(f).



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265

2. Plaintiff commenced this action within 90 days after receipt of Defendant's Final Order on the Equal Employment Opportunity Complaint filed by Plaintiff.

3. Venue lies with this Court because all the incidents alleged in this Complaint occurred or took affect within the Western District of Washington.

## II. PARTIES

1. Paula R. Moorehead, Plaintiff, a female, is a resident of King County, Washington. Ms. Moorehead resides in the city of Kent, Washington. At all times material to this complaint, she was employed by Defendant at its SeaTac airport establishment in the city of SeaTac, King County, Washington.

2. The U.S. Department of Homeland Security, Transportation Security Administration is an agency of the executive branch of the federal government, and it maintains an establishment located in the city of SeaTac, King County, Washington.

## III. FACTUAL ALLEGATIONS

1. <u>Plaintiff's employment</u>

a. Defendant offered Plaintiff, a female, employment on October 9, 2002. Plaintiff began work for Defendant on October 13, 2002. Defendant hired Plaintiff into the position of Transportation Security Screener (Screener), a position she has held at all times material to this complaint. She has worked primarily as a baggage screener.

b. Defendant employed Plaintiff at its SeaTac airport establishment, located in the city of SeaTac, Washington.

c. Defendant started Plaintiff in pay band D at an annual salary of $23,600.00, not including locality pay.

d. Defendant's job description for Plaintiff and her assigned duties at the SeaTac establishment requires Plaintiff to exert equal skill, effort, and responsibility as that required of



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265

her male co-workers in the performance of her job under similar working conditions.

2. Plaintiff's Equal Pay Act claim

a. Paragraphs III., 1., a. through d. are incorporated by reference as if fully set forth herein.

b. At about the same time Defendant hired Plaintiff, Defendant hired male employees into the same position as Plaintiff who were assigned to perform the same job or equal work as Plaintiff requiring equal skill, effort, and responsibility under similar working conditions at the same establishment. Defendant hired at least one of such male at the same establishment at an annual salary (not counting locality pay) greater than the salary at which it hired Plaintiff. The disparity in the starting rate of pay between Plaintiff and at least one such male is reflected in the amount shown on each of Plaintiff's paychecks up through the present.

c. On about November 11, 2003, Plaintiff read a memo to employees from the James Loy, Under Secretary and Director of the Transportation Security Administration in Washington D.C. This memo discussed several issues related to the Defendant's initial hiring process. Among the issues discussed, Mr. Loy stated that the he was aware of the pay disparities described in the preceding paragraph, but that nothing would be done to close the pay disparities.

3. Plaintiff's Title VII claim

a. Paragraphs III., 1., a. through d. are incorporated by reference as if fully set forth herein.

b. As described in Defendant's HRM Letter No. 300-4, issued December 2, 2002, the position of lead screener had been established and screeners could be promoted to this position without competition provided he or she met minimum qualifications.

c. On about January 15, 2003, Ron Danielson, Plaintiff's supervisor at the time, told Plaintiff that he was placing her permanently in the position of Lead Screener. He told her that he



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265

was giving her this position because of her demonstrated skills and because he wanted to retain her in baggage screening. Plaintiff was not told that the position was rotational. She had every reason to believe that her promotion to this position was permanent.

d. Mr. Danielson, Plaintiff's supervisor, removed Plaintiff from the position of Lead Screener on about March 27, 2003.

e. In a sworn affidavit dated September 29, 2004, Mr. Danielson admits that when he promoted Plaintiff there was no time frame or limitation attached to the promotion. He also admits that he did not give her a reason for her removal. Mr. Danielson's affidavit makes no mention of a rotational policy with regard to Lead Screeners. Mr. Danielson states in his affidavit that seniority was his sole criteria for his selection of a Lead Screener to replace Plaintiff. In fact, Plaintiff had equal seniority as her replacement.

f. During the period she served as Lead Screener, Plaintiff was given no reason to believe by Mr. Danielson or any other Defendant Manager that she was not at least satisfactorily performing her job.

g. Plaintiff's replacement as Lead Screener was a male, did not have greater seniority than Plaintiff, had previously rejected an offer to serve as Lead Screener, and just a week before his promotion to Lead Screener had been removed by Mr. Danielson as a back-up Lead Screener.

h. Defendant's action in removing Plaintiff from the position of Lead Screener harmed Plaintiff in that it deprived her of the required six months of specialized experience identified in Defendant's HRM Letter 300-4 as a qualifying requirement for promotion to the position of Supervisory Screener.

#

#



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265

## IV. CLAIMS AND CAUSES OF ACTION AGAINST DEFENDANT

1. Equal Pay Act of 1963, as amended

Defendant's acts and failures to act described in paragraphs III.,2., a. through c. violated and continue to violate 29 U.S.C. § 206(d)(1), and § 215(a) of the Equal Pay Act of 1963, as amended.

2. Title VII of the Civil Rights Act of 1964, as amended.

Defendant's acts and failures to act described in paragraphs III., 3., a. through h. violated 42 U.S.C. § 2000e, *et al*, and 42 U.S.C § 2000e-2.

## V. DAMAGES

Plaintiff has suffered both pecuniary and non-pecuniary damages as a result of Defendant's unlawful conduct described in paragraph IV. In addition, Plaintiff has suffered emotional harm as a result of the cumulative affect of Defendant's discriminatory acts in an amount to be established at trial.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, having asserted claims for relief, now prays for judgment to be entered against Defendant following a jury trial as follows;

1. Under the Equal Pay Act, a judgment granting damages in an amount of the difference between the salary received by Plaintiff since the start of her employment with Defendant and the salary received by male employees paid at a higher rate than Plaintiff for equal work within the meaning of the Equal Pay Act, together with an additional equal amount as liquidated damages as specifically authorized by 29 U.S.C. § 216(b) and 29 U.S.C. §206(d)(3) of the Act.

2. Under Title VII of the Civil Rights Act of 1964, a judgment reinstating Plaintiff to the position of Lead Screener from which she was discriminatorily removed.



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265

3. Awarding Plaintiff her pecuniary and non-pecuniary damages, including compensation for mental and emotional harm.

4. Awarding Plaintiff her reasonable attorney fees and litigation expenses as recognized in equity and by statute.

5. Awarding Plaintiff any further or additional relief which the court finds equitable, appropriate or just.

6. Defendant be ordered to cease and desist from its unlawful employment practices described in paragraph III.

Dated this 20th day of October, 2005

/s/ John C. Montoya
John C. Montoya, WSBA # 34475
Attorney for Plaintiff
999 Third Avenue, Suite 3800
Seattle, WA 98104-4023
Tel. 206-352-0500
Fax. 206-286-8265
Jcmforlaw@aol.com



John C. Montoya
Attorney at Law
999 Third Ave., Suite 3800
Seattle, WA. 98104-4023
(206) 352-0500 FAX (206) 286-8265