UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

| | | |
|---|---|---|
| Paula R. Moorehead, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | C.A. No. 07-654 C |
| | ) | GWM |
| The United States, | ) | |
| Defendant | ) | |
| | ) | |

**RESPONSE IN OPPOSITION OF PLAINTIFF PAULA MOOREHEAD TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff Paula Moorehead, (Ms. Moorehead) files this response in opposition to Defendant's Motion to Dismiss, Count II of the Amended Complaint. Defendant seeks dismissal of Count II of Ms. Moorehead's Amended Complaint, pursuant to RCFC Rule 12(b)(1) for lack of subject matter jurisdiction based upon 28 U.S.C. § 1500; because the statute of limitations has expired; and because Ms. Moorehead unduly delayed filing the claim which prejudices the defendant.

**Background**

This matter was initially filed on October 20, 2005, in the United States District Court, Western District of Washington. The initial complaint asserted violations of the Equal Pay Act, (EPA), 29 U.S.C. § 206(d) and the 1964 Civil Rights Act, as amended, (Title VII), 42 U.S.C. § 2000e-16. The initial complaint sought relief in money damages and liquidated damages for defendant's violations of the EPA. The initial complaint sought relief, under Title VII, of reinstatement to a position of Lead Screener; money damages including losses for mental and emotional harm. On March 5, 2007, the District Court, ruling on the Government's Motion to Dismiss and/or for Summary Judgment, issued an order transferring the EPA claims to the Federal Court of Claims and retaining jurisdiction of the Title VII claim. The March 5, 2007

Order set forth the Title VII claim as whether ". . . [T]he Government discriminated against her [Ms. Moorehead] on the basis of her sex when it reassigned the Lead position to one of her male teammates, R. 1, Transfer Order #2 at 30. On September 10, 2007, this Court accepted transfer of the record from the United States District Court for the Western District of Washington. This Court directed Ms. Moorehead to file the original complaint or an amended complaint by October 9, 2007. The Court extended the time for filing of the complaint, for good cause, until November 8, 2007. On November 8, 2007, pursuant to RCFC Rule 3.1, Ms. Moorehead filed an Amended Complaint, R.4.

**Standard of Law**

Subject matter jurisdiction of this Court, for claims for money damages, is governed by 28 U.S.C. § 1491(a). This Court has subject matter jurisdiction for all claims for money damages founded upon the Constitution, laws, or an Act of Congress. The statute authorizes this Court to provide an entire remedy and complete relief for any claim against the United States.

In ruling on a motion to dismiss for lack of subject matter jurisdiction, the Court must assume all facts in the complaint are true and all reasonable inferences must be drawn in favor of the non-movant, *Carpenter v. U.S.,* 69 Fed.Cl. 718, 722 (2006).

28 U.S.C. § 1500 prohibits this Court from considering a claim against the United States when the same claim is pending against the United States in any other court. In *Keene Corp. v. U.S.*, 508 U.S. 200, 212, n.6 (1993), the United States Supreme Court upheld the statutory restriction of 28 U.S.C. § 1500, defining a claim, as the same operative facts, seeking the same relief as a claim filed in another court. However, in *Keene*, the Supreme Court declined to address whether a claim arising out of the same operative facts but seeking different relief was

subject to the restrictions of 28 U.S.C. § 1500. *Loveladies Harbor, Inc. v. U.S.*, 27 F.3d. 1545, 1551 (Fed. Cir. 1994), taking into consideration the *Keene* decision, held

for a claim to be subject to the restrictions of § 1500, the claim must arise from the same operative facts and seek the same relief. *Loveladies* rejected the Government's argument that claims arising from the same operative facts, regardless of the relief sought, should be barred from this Court by § 1500, *Id*. at 1552. *Loveladies* held, if upon examination of the complaint, the relief sought is distinctively different, the Court may not engage in conclusions or suppositions to bar a claim, *Id*. at 1553-54.

RCFC Rule 3.1 permits a party to file an original complaint or amended complaint, upon transfer of a case to this Court. RCFC Rule 15(c)(2) permits amendment of a complaint when the claim arises out of the same transaction, conduct, or occurrence. This Court in *Stockton East Water Dist. v. U.S.*, 62 Fed.Cl. 379, 390-91 (2004) held, for a claim transferred to this Court, an amendment which arose out of the same conduct, transaction, or occurrence relates back to the filing of the original complaint and would not be barred by any statute of limitations, applicable to the action.

*Deason v. U.S.*, 54 Fed.Cl. 509, 512-13 (2002), ruling on an overtime claim under the Fair Labor Standards Act, held a claim for compensation which is due and payable periodically is a continuing claim by nature and a cause of action arises with each paycheck, in which the government fails to make the alleged payment due. Although a statue of limitations may not be waived, the principles of equitable tolling are available when a party has diligently pursued their

rights and has been induced to allow a filing deadline to pass, due to a defendant's conduct, *Id*. at 513. *See also*: *Irwin v. Veterans Administration,* 498 U.S.89 (1990) ( equitable tolling applicable against the government).

**The Court Has Subject Matter Jurisdiction of Count II**
**Which Seeks Distinctive and Different Relief**

Subject matter jurisdiction of this Court is determined by statute and no claim may be brought in this Court, if the same claim is pending in any other court, seeking the same relief against the United States at the same time, *Keene, Id*. The determination of whether a claim is the same is determined by the operative facts of the claim and the relief sought in the action, *Loveladies, Id.* A claim is held to be pending at the same time, at the time the case is filed in this Court, *Id.* at 1548. For purposes of cases transferred to this Court under RCFC Rule 3.1, 28 U.S.C. § 1631 requires the case to proceed in this Court as if it was actually filed in this Court, on the date the action was originally filed. In this case, Ms. Moorehead's Title VII claim in the Western District of Washington and Count II of the Amended Complaint would be deemed pending at the same time, for purposes of defendant's motion.

Defendant asserts in this case that Count II of the Amended Complaint is the same as the Title VII claim filed by Ms. Moorehead in the Western District of Washington. To determine if a claim is the same, an examination of the initial complaint and the claim filed in this Court is required. Count II, filed in this Court, arises from Ms. Moorehead's duties in the position of Lead Screener and seeks an order the defendant violated the Equal Pay Act; lost wages and benefits; and a cease and desist order for defendant's conduct. The facts of the Title VII claim cover the same position and Ms. Moorehead's removal from the position of Lead Screener.

Under the standard set in *Keene*, *supra*., the operative facts in the initial complaint and Count II of the Amended Complaint would be deemed the same. The initial complaint, in this case, seeks reinstatement, money and compensatory damages. As pointed out in *Loveladies, Id*. a claim arising from the same conflict seeking different relief may proceed simultaneously in this Court and a district court. Defendant seeks to parse the relief stated in Ms. Moorehead's Title VII claim, urging the Court to ignore the requested relief stated in the initial complaint and give defendant's interpretations to the relief requested, *Def. Mem.* at 12-13. *Loveladies* specifically rejected interpreting or attempting to divine the meaning of a prayer for relief in a complaint, holding when the relief requested is not the same, a claim arising out of the same operative facts may not be barred by § 1500, *Id*. at 1552-56. The relief requested for Count II of the Amended Complaint is for an order for violations of the EPA; lost wages for the position of Lead Screener; and liquidated damages . The initial complaint makes no such request for relief under the Title VII claim, rather seeking reinstatement, damages for mental and emotional loss, and unspecified pecuniary damages. The differences between the relief requested makes it clear that the claims although arising out of the same operative facts are not seeking the same relief. Count II of the Amended complaint is not barred by 28 U.S.C. § 1500 and the defendant's Motion to Dismiss on this basis should be denied.

**Count II Is A Timely Claim Which Relates Back
To the Initial Claim For Filing Purposes**

A claim under the EPA is a continuing claim seeking relief for wage differentials between female and male workers in the same position, performing the same or substantially the same duties. A differential in each paycheck is inherent in any claim under the EPA. The EPA claim

in Ms. Moorehead's initial complaint, specifically alleged, "The disparity in the starting rate of pay. . . is reflected in the amount shown on each of Plaintiff's paychecks up through the present." Ms. Moorehead filed her initial complaint on October 20, 2005 ane was employed with the defendant on that date. The EPA claim set forth in the initial complaint was a timely violation and within the applicable statute of limitations, *Deason*, supra.

Defendant asserts Count II of the Amended Complaint is barred by the statute of limitations; Ms. Moorehead unduly delayed the amendment; and prejudiced the defendant. When a complaint is transferred to this Court, RCFC Rule 3.1 permits the party to file the original complaint or an Amended Complaint. *Stockton East Water Dist*., *supra*. held the original filing date of a transferred complaint governs determinations for purposes of any statute of limitations. Amendments, to a complaint, relate back to the original filing date under RCFC Rule 15(c), as long as the claim arose out of the conduct or occurrence set forth in the original pleading, *Id.*. In this case, Ms. Moorehead's initial complaint asserted violations of the EPA for females receiving less pay for the performance of the same work as male coworkers in the same position. The defendant was on notice that Ms. Moorehead was asserting violations of the EPA and the conduct asserted in the Amended Complaint arose out of the same incidents which are alleged in the initial complaint, under the Title VII claim. Count II is not barred by the statute of limitations, since the initial EPA claim was timely filed and the amendment relates back to original filing date.

Defendant claims a lack of notice and prejudice as to Count II of the Amended Complaint. Defendant's claims are without merit. Ms. Moorehead filed an administrative complaint with the defendant on December 28, 2003, *Excerpt from Plaintiff's Response in Opposition to*

*Defendant's Motion to Dismiss and/or for Summary Judgment, Formal Complaint of Discrimination*, Exhibit 11 attached hereto. The formal complaint of discrimination states on p.1, Box 12, "unequal pay." On p. 2, Box 17, for corrective action, Ms. Moorehead stated, " Base pay adjusted to reflect current pay. . . with subsequent increases of 1/03 &1/04 based on new salary." The defendant conducted no investigation of Ms. Moorehead's complaint, prior to her filing an action in court. The defendant having taken no action to discern the nature of Ms. Moorehead's complaint should not be permitted to now claim prejudice and undue delay. *Loe v. Heckler,* 768 F.2d. 409, 417-20 (D.C. Cir. 1985), ruling on a federal employee's Title VII claim, held the administrative complaint puts a federal agency on notice of an employee's grievance and gives the agency an opportunity to provide redress for the complaint. Having failed to address an employee's complaint, an agency is not permitted to claim prejudice and lack of notice, *Id.* In the present case, it is clear from the record that the defendant had more than two years to address Ms. Moorehead's administrative complaint, prior to the filing of the civil action. The government should not be permitted to seek dismissal on the basis of lack of notice and prejudice, which was caused by its own inaction.

**Conclusion**

Claims which arise from the same operative facts but seek different relief are not barred by 28 U.S.C. § 1500. Count II seeks different and distinctive relief. Defendant's motion requesting dismissal based upon § 1500 should be denied. Count II arises out of the same transaction alleged in the initial complaint and relates back to the original date of filing. Count II is timely filed and defendant's Motion to Dismiss should be denied on this basis. Defendant was on notice of Ms. Moorehead's claims, as early as December 28, 2003. Defendant failed to take any action

to redress Ms. Moorehead's claim and should not be permitted to claim undue delay and prejudice based on its inaction.

For the foregoing reasons, Ms. Moorehead respectfully requests, the Defendant's Motion to Dismiss be denied.

Respectfully Submitted,

/s/__________________________

Barbara B. Hutchinson
D.C. Bar No. 418967
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764
Attorney for Plaintiff

February 20, 2008