IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAULA R. MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 007-654C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

In compliance with Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), the parties submit this Joint Preliminary Status Report.

**ANSWERS TO APPENDIX A**

**A. Does the Court possess jurisdiction to entertain this action?**

Plaintiff asserts the Court has jurisdiction pursuant to 28 U.S.C. § 1491(a) and 29 U.S.C. § 206(d). Plaintiff asserts the claims in Count II of the Amended Complaint relate back to the original date of filing, since Count II arises out of the same transaction and occurrence, which is the basis of Count I of the Amended Complaint, *Stockton East Water Dist. v. U.S.*, 62 Fed.Cl. 379, 390-91 (2004) and *Deason v. U.S.*, 54 Fed. Cl. 509-512-13 (2002).

Defendant is currently unaware of any reason why the Court lacks jurisdiction to entertain Count I of the Amended complaint. For the reasons set forth in its January 7, 2008 motion to dismiss, defendant contends that this Court lacks subject matter jurisdiction to entertain Count II of the Amended complaint.

**B. Should the case be consolidated with any other case?**

The parties are unaware of any other case that should be consolidated with this action.

**C. Should trial of liability and damages be bifurcated?**

At this time, the parties do not believe the issues of liability and damages need to be bifurcated.

**D. Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal?**

The parties agree that further proceedings in this case should not be deferred at this time pending consideration of another case before this Court or any other tribunal.

**E. Will a remand or suspension be sought?**

The parties agree that no remand or suspension will be sought at this time.

**F. Will additional parties be joined?**

At this time, the parties do not believe that additional parties will need to be joined.

**G. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and if so, a schedule for the intended filing?**

On January 7, 2008, defendant filed a motion to dismiss pursuant to RCFC 12(b)(1). If the Court grants the Government's motion to dismiss, the Government currently intends to file a motion for summary judgment upon the remaining count of the complaint.

Plaintiff is opposed to the Government's attempt to file a second motion for summary judgment in this court on Count I of the Amended Complaint. The Government filed a motion for summary judgment on Count I of the Amended Complaint in the U.S. District Court of Washington, *Supplement Civil Docket Sheet, R. 18*, R.1.

**H. What are the relevant factual and legal issues?**

(1) Plaintiff's Factual and Legal Assertions:

On April 26, 2002, the Department of Homeland Security Transportation Security Administration, ("TSA"), adopted a policy requiring new appointments in the position of Transportation Security Screener be hired at the minimum salary of Pay Band D, $23,600 per year, unless the appointee had specialized experience, with one year of the date of hire.

On October 13, 2002, Ms. Moorehead was hired by TSA in the position of Transportation Security Screener, at the Pay Band D-minimum base salary of $23,600 per year, at the Seattle-Tacoma International Airport (SeaTac). On the date of hire, Ms. Moorehead had experience, working as an airport security screener, within the year prior to the date of hire. Beginning on May 1, 2002 until the present, the defendant hired males into the position of Transportation Security Screener at a higher rate of pay for performing the same duties as Ms. Moorehead. Ms. Moorehead and her female coworkers in the position of Transportation Security Screener continue to be paid less wages for the performance of the same work as males in the position of Transportation Security Screener. The defendant was aware of the pay discrepancy and has taken no action to correct the pay discrepancy.

On January 11, 2003, Ms. Moorehead was assigned to perform the duties of Lead Transportation Security Screener, without any increase in pay. Male coworkers assigned to perform the duties of Lead Transportation Security Screener received a pay increase. Ms. Moorehead was required to perform the same duties as her male coworkers in the position of Lead Transportation Security Screener and was not given the same wages for performing the same work. Ms. Moorehead performed the duties of Lead Transportation Security Screener until

March 31, 2003.

The legal issues are whether the TSA intentionally paid females in the position of Transportation Security Screener and Lead Transportation Security Screener less wages for the performance of the same work in the same position in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

(2) Defendant's Factual and Legal Assertions:

The Government agrees with the first paragraph in section (h), above, in which plaintiff provides a general description of the TSA's April 26, 2002 policy, concerning new appointments in the position of Transportation Security Screeners. The Government also agrees with the first two sentences of the second paragraph that, on October 13, 2002, Ms. Moorehead was hired by TSA in the position of Transportation Security Screener, at the Pay Band D-minimum base salary of $23,600 per year, at the Seattle-Tacoma International Airport (SeaTac) and that Ms. Moorehead had experience working as an airport security screener within the year prior to the [date] she was hired.

However, the Government does not agree with the majority of characterizations contained in the remainder of section (h). Specifically, the Government denies that the TSA hired males into the position of Transportation Security Screener at a higher rate of pay for performing the same duties as Ms. Moorehead. Additionally, the Government denies that Ms. Moorehead and her female coworkers in the position of Transportation Security Screener continue to be paid less wages for the performance of the same work as males in the position of Transportation Security Screener. Furthermore, the Government denies that Ms. Moorehead was treated differently than her male coworkers assigned to perform the duties of Lead Transportation Security Screener

received a pay increase.

The Government denies that the TSA intentionally paid females in the position of Transportation Security Screener and Lead Transportation Security Screener less wages for the performance of the same work in the same position in violation of the Equal Pay Act, 29 U.S.C. § 206(d).

**I. What is the likelihood of settlement?**

Plaintiff believes this matter could be resolved by ADR and requests the matter be referred to ADR, prior to discovery in this matter. Plaintiff, in response, to settlement discussions including a global settlement, is not opposed to such discussions.

Defendant would not be opposed to ADR proceedings if plaintiff were willing to discuss a global settlement of all her pending Equal Employment Opportunity claims currently pending against the TSA.

**J. Do the parties anticipate proceeding to trial?**

Plaintiff believes if ADR is not successful, the matter will proceed to trial.

If the Court grants defendant's motion to dismiss, the Government currently intends to file a motion for summary judgment upon the remaining count of the complaint.

**K. Are there special issues regarding electronic case management needs?**

No.

**L. Is there other information which the court should be aware of at this time?**

The parties completed substantial discovery on Count I of the Amended complaint prior to the transfer of this case from the U.S. District Court of Washington. However, no discovery was completed on Count II of the Amended Complaint. Ms. Moorehead's counsel commits to

not duplicating discovery completed on Count I of the Amended Complaint.

## III. PROPOSED DISCOVERY PLAN

Plaintiff proposes the following discovery schedule:

| | **DATES** |
|---|---|
| a. Initial Disclosures | 45 days after decision on motion to dismiss |
| b. Last day to serve discovery requests | 90 days after decision on motion to dismiss |
| c. Exchange of witness lists | 120 days after decision on motion to dismiss |
| d. Time period in which to conduct depositions | 120 days after decision on motion to dismiss |

Defendant does not believe additionally discovery is necessary if the Court grants its motion to dismiss. If the Court does not grant defendant's motion to dismiss, defendant agrees to plaintiff's proposed discovery schedule with regard to the allegations contained in count II of the complaint. Defendant believes sufficient discovery has been had with regard to count I of the complaint.

Respectfully submitted,

BARBARA B. HUTCHINSON
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764

Attorney for Plaintiff

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Office of Chief Counsel
Transportation Security Administration

March 7, 2008