IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAULA R. MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 007-654C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Pursuant to Rule 7.1(c) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion to dismiss count II of the amended complaint, filed on January 7, 2008. Plaintiff, Paula R. Moorehead, filed her response in opposition to this motion on February 20, 2008.

In our motion to dismiss, we demonstrated that the Court lacks subject matter jurisdiction to entertain count II of the amended complaint because Ms. Moorehead's claim is based upon the same operative facts and seeks overlapping relief with her claim filed pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), filed simultaneously in the United States District Court for the Western District of Washington. 28 U.S.C. § 1500. Alternatively, we demonstrated that the Court lacks jurisdiction to entertain count II of the amended complaint because it was filed outside the time limitation set forth in 29 U.S.C. § 255. Finally, we demonstrated that, even if the Court holds that it possesses jurisdiction to entertain count II of the amended complaint, Ms. Moorehead has improperly amended her complaint out of time.

In her response in opposition to our motion to dismiss, Ms. Moorehead contends that 28 U.S.C. § 1500 does not apply to her complaint before this Court because her Title VII claims

sought different relief than she seeks here. Additionally, Ms. Moorehead contends that count II of her complaint is not barred by the statute of limitations because her initial Equal Pay Act, 29 U.S.C. § 206(d), claim filed in district court "arose out of the same incidents which are alleged here." Pl. Br. at 6. Finally, Ms. Moorehead contends that, "it is clear from the record that the defendant had more than two years to address Ms. Moorehead's complaint, [t]he government should not be permitted to seek dismissal on the basis of lack of notice and prejudice, which was caused by its own action." Id. at 7. We address each of Ms. Moorehead's arguments below.

## ARGUMENT

### I. Pursuant to 28 U.S.C. § 1500, Ms. Moorehead's Title VII Claims Filed Simultaneously In The United States District Court For The Western District Of Washington, Divest This Court Of Jurisdiction To Entertain Count II Of The Amended Complaint

In our motion to dismiss, we demonstrated that, pursuant to 28 U.S.C. § 1500, this Court lacks subject matter jurisdiction to entertain count II of the amended complaint.

In her response, Ms. Moorhead concedes that "the operative facts in the initial complaint and Count II of the Amended Complaint would be deemed the same." Pl. Br. at 5. However, Ms. Moorehead contends that "the differences between the relief requested makes it clear that the claims although arising out of the same operative facts are not seeking the same relief." Id. Specifically, Ms. Moorehead states that the relief requested pursuant to count II of the complaint is "for an order for violations of the EPA; lost wages for the position of Lead Screener; and liquidated damages. The initial complaint makes no such request for relief under the Title VII claim, rather seeking reinstatement, damages for mental and emotional loss, and unspecified pecuniary damages." Id. As we demonstrate below, Ms. Moorehead's contentions are unavailing.

As we demonstrated in our motion to dismiss, "inclusion of other and different requested relief in the two complaints does not avoid the application of [28 U.S.C. § 1500]." Harbuck, 378 F.3d at 1329 (citing Keene Corp. v. United States, 508 U.S. 200, 212 (1993). "As long as the same relief is sought in both cases–here money damages–the second prong of the § 1500 requirement that the 'same relief' be involved in both cases is satisfied." Id. (citations omitted). "Claims are the same where they arise from the same operative facts even if the operative facts support different legal theories which cannot all be brought in one court." Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988). Therefore, the fact that a back pay award may not have been available to Ms. Moorehead in her Title VII claims in district court, does not change the fact that her Title VII claims and Equal Pay Act claim seek essentially the same relief–monetary damages.

Ms. Moorehead contends that "Loveladies specifically rejected interpreting or attempting to divine the meaning of a prayer for relief in a complaint, holding when the relief requested is not the same, a claim arising out of the same operative facts may not be barred by § 1500 . . . ." Pl. Br. at 5 (citing Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994) (en banc)). In Loveladies, the United States Court of Appeals For the Federal Circuit found that "[i]t is important to note that the prayer in the Court of Claims complaint contained an express request for damages. Significantly, that request was missing from the complaint in the district court." 27 F.3d at 1553. Additionally, the Federal Circuit found that the district court held that it was without jurisdiction to entertain the plaintiff's taking claim and, thus, "Count I was without legal significance as far as a taking and compensation under the Fifth Amendment were concerned." Id. at 1554. In contrast, "in the complaint in the Court of Federal Claims Loveladies clearly

alleged that a taking had occurred, and that just compensation was due them." Id. Thus, the Federal Circuit held that "the claims in the two courts are for distinctly different and not the same or even overlapping relief . . . ." Id.

In contrast to Loveladies, Ms. Moorehead is requesting overlapping relief in both cases – economic damages, attorney's fees and costs, and other relief that the Court deems just and equitable. Compare Compl. ¶ 8 with A1 at Request For Relief. While the original complaint filed in district court also requests reinstatement in the section pertaining to the Title VII claim, id., this additional request does not change the fact that the same relief - monetary damages - is requested in both complaints. For section 1500 to apply, there only needs to be some overlap in the relief requested. Keene, 508 U.S. at 212; see Ak-Chin Indian Community v. United States, – Fed. Cl. –, 2008 WL 241275 (Jan. 25, 2008) ("Because plaintiff's complaints . . . seek overlapping relief that is not distinctly different, under either and/or both of the Keene test and the Loveladies test, § 1500 would preclude jurisdiction if plaintiff's Court of Federal Claims complaint had not been found to have been filed before plaintiff's District Court complaint.").

For these reasons, 28 U.S.C. § 1500 prohibits jurisdiction in this case. ____

## II. In The Alternative, Count II Of The Amended Complaint Is Time Barred

In our motion to dismiss, we demonstrated that, if the Court determines that it possesses jurisdiction to entertain count II of the amended complaint, pursuant to 29 U.S.C. § 255, count II of the amended complaint would be time barred.

Ms. Moorehead contends that, pursuant to Rule 15(c) of the Rules of the Court, "Count II is not barred by the statue of limitations, since the initial EPA claim was timely filed and the amendment relates back to the original filing date." Pl. Br. at 6. As we previously demonstrated,

however, Ms. Moorehead cannot satisfy Rule 15(c).

Rule 15(c) states, in relevant part, that "[a]n amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ." RCFC R. 15(c).

Ms. Moorehead can not satisfy Rule 15(c)(1). The statute of limitations for commencing an action pursuant to the Equal Pay Act is "two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); Bull v. United States, 479 F.3d 1365, 1379 (Fed. Cir. 2007). Thus, Ms. Moorehead has failed to satisfy Rule 15(c)(1) because relation back is **not** permitted by the law that provides the statute of limitations applicable to the action.

Similarly, Ms. Moorehead has not satisfied Rule 15(c)(2), because, as we previously demonstrated, if the Court holds that count II of the amended complaint alleges different facts than those in the original complaint filed in district court, count II of the amended complaint would necessarily be alleging **new facts**, based upon a **new theory** of an Equal Pay Act violation and distinctly different conduct. Specifically, in her Title VII claim in the district court Ms. Moorehead alleged that her supervisor discriminated against her on the basis of sex because he reassigned the responsibility for acting as Lead screener from Ms. Moorehead to a male co-worker. A3 at 2-3, 7. If the Court holds that Ms. Moorehead's allegation that she was paid

less than her male counterparts when she acted as lead screener is not the same claim that was already decided in the district court, it is necessarily a new claim, which was first alleged at the time of the filing of her amended complaint in this Court on November 5, 2007. Thus, it could not be a claim arising "out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." RCFC R. 15(c)(2).

Finally, Ms. Moorehead contends that her claim "under the EPA is a continuing claim. . . ." Pl. Br. at 5; see Id. at 3 (citing Deason v. United States, 54 Fed. Cl. 509, 512-13 (2002)). Contrary to Ms. Moorehead's contention that she has alleged or could permissibly allege a claim falling within the continuing claim doctrine, the Supreme Court has clearly held that the time limit for filing an employee's claim against an employer alleging individual sex discrimination in pay and raises are triggered only by the discriminatory pay decisions themselves, not later nondiscriminatory pay decisions that allegedly perpetuated effects of earlier decisions, nor issuance of paychecks without showing of facial, structural discrimination. Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S. Ct. 2162, 2167-70 (2007). Rather, these latter events lack the defining element of a disparate-treatment claim, namely discriminatory intent. Id.; but cf. Lange v. United States, – Fed. Cl. –, 2007 WL 2198225 (2007) (holding continuing violation doctrine was not applicable to federal employee's claim of unequal pay asserted under the EPA, as each time employee received an inadequate paycheck, a separate cause of action accrued for purposes of EPA statute of limitations).

For these reasons, if the Court holds that 28 U.S.C. § 1500 does not remove count II of the amended complaint from the Court's jurisdiction, count II of the amended complaint is time barred. Weber v. United States, 71 Fed. Cl. 717, 718 (2006).

## III. Even If Count II Of The Amended Complaint Were Not Time Barred, Ms. Moorehead Should Not Be Entitled To Amend Her Complaint

As we demonstrated in our motion to dismiss, the Court should reject Ms. Moorehead's late attempt to amend her complaint to add the allegations contained in count II.

Ms. Moorehead contends that she filed an administrative complaint setting forth her claim. Pl. Br. at 6-7. Based upon this, Ms. Moorehead contends that, because "the defendant had more than two years to address Ms. Moorehead's administrative complaint, prior to filing of the civil action, [t]he government should not be permitted to seek dismissal on the basis of lack of notice and prejudice." Id. at 7. Ms. Moorehead's contentions are without basis.

Regardless of whether Ms. Moorehead asserted her claim in an administrative complaint, Ms. Moorehead's delay in asserting her additional claim (that is, count II of the amended complaint) in federal court clearly is undue and Ms. Moorehead has not even attempted to meet her burden to show justification for the delay. As we previously demonstrated, Ms. Moorehead filed her original complaint over two years ago in district court, where discovery was completed, motions were filed and decided, and a jury trial was held, ultimately resulting in judgment for the United States. Now, subsequent to losing her case in district court, Ms. Moorehead has attempted to amend her complaint to include a new Equal Pay Act claim without even seeking leave of the Court. Even in her response to our motion, Ms. Moorehead has failed to offer any explanation for leave to amend as to why she waited over two years to assert this new claim. Ms. Moorehead's delay in seeking to assert her new claim is wholly unjustified.

Moreover, Ms. Moorehead has not responded to our showing that the Government would be prejudiced substantially if Ms. Moorehead is permitted to amend her complaint at this late stage of the litigation after completion of discovery on her original complaint and a trial on her

Title VII claim. As we demonstrated, during the course of discovery, the United states responded to three sets of interrogatories, produced over 3000 pages of documents, and participated in approximately six depositions. Based on the fruits of this discovery, defendant moved for summary judgment on Ms. Moorehead's then existing Equal Pay Act claim, which was limited to how her pay was set when she was initially hired by the agency. Thus, to allow Ms. Moorehead to assert these claims now would be substantially prejudicial to the Government.

For these reasons, Ms. Moorehead has failed to carry her burden to demonstrate that justice requires that leave to amend be granted; therefore, count II of the complaint should be stricken.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court dismiss count II of the amended complaint for lack of subject matter jurisdiction. Alternatively, we request that count II of the complaint be stricken.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ TODD M. HUGHES
Deputy Director

/s/ DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988
Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Office of General Counsel
Transportation Security Administration

March 10, 2008

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 10th day of March, 2008, a copy of the foregoing "Defendant's Reply In Support Of Its Motion to Dismiss" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ David S. Silverbrand