# United States Court of Federal Claims

No. 07-654 C
Filed April 1, 2008
TO BE PUBLISHED

| | | |
|---|---|---|
| PAULA R. MOOREHEAD,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Motion to Dismiss for Lack of Jurisdiction; RCFC 12(b)(1); 28 U.S.C. § 1500; Equal Pay Act, 29 U.S.C. § 206(d); Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1); Pendency of Claims Filed Simultaneously by Virtue of 28 U.S.C. § 1631; Claims Arising from Same Operative Facts; Claims Seeking Same Relief. |

Barbara B. Hutchinson, New Carrollton, Maryland, for plaintiff.

David S. Silverbrand, Trial Attorney, Todd M. Hughes, Deputy Director, Jeanne E. Davidson, Director, Jeffrey S. Bucholtz, Acting Assistant Attorney General, United States Department of Justice, Washington, D.C., for defendant. Gillian Flory, Attorney Advisor, Office of Chief Counsel, Transportation Security Administration, Arlington, Virginia, of counsel.

## OPINION AND ORDER

GEORGE W. MILLER, Judge.

This action is before the Court on defendant's motion to dismiss Count II of plaintiff's amended complaint for lack of subject-matter jurisdiction ("Def.'s Mot. Dismiss," docket entry 9); plaintiff's response to defendant's motion to dismiss ("Pl.'s Resp.," docket entry 12); and defendant's reply in support of its motion to dismiss ("Def.'s Reply," docket entry 16). For the reasons discussed below, defendant's motion is **GRANTED**.

## BACKGROUND

The following facts, taken from plaintiff's amended complaint, are presumed true for the purpose of deciding defendant's motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (stating that decisions on such motions to dismiss rest "on the assumption that all the allegations in the complaint are true"); *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002); *Gould Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991); *Kawa v. United States*, 77 Fed. Cl. 294, 298 (2007); *Barth v. United States*, 28 Fed. Cl. 512, 514 (1993).

Plaintiff Paula Moorehead was hired by the Transportation Security Administration ("TSA") on October 13, 2002. Am. Compl. ¶ 1. The TSA hired Ms. Moorehead as a transportation security screener to work at Seattle-Tacoma International Airport. *Id.* At some unspecified time before October 2002, Ms. Moorehead had worked as an airport security screener for another employer. Am. Compl. ¶ 2. When hired by the TSA, Ms. Moorehead received the Pay Band D minimum base salary of $23,600. Am. Compl. ¶ 1. After the TSA adopted a policy requiring that this salary be paid to all newly-hired security screeners unless they had recent specialized experience, Ms. Moorehead claims that the TSA paid higher salaries to male screeners than to Ms. Moorehead and her female screener coworkers. Am. Compl. ¶¶ 3-4.

On or about January 11, 2003, Ms. Moorehead was promoted to the position of lead transportation security screener. Am. Compl. ¶ 6. She did not receive any increase in pay upon receiving this promotion. *Id.* Ms. Moorehead claims that male lead transportation security screeners were paid a higher salary than Ms. Moorehead and other female lead transportation security screeners were paid. *Id.* Ms. Moorehead claims that the TSA's payment of higher salaries to men than to women was an intentional act. Am. Compl. ¶ 7.

On October 20, 2005, Ms. Moorehead filed suit in the United States District Court for the Western District of Washington. Def.'s Mot. Dismiss at 3; Pl.'s Resp. at 1. Her complaint in the district court alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1) (2000 & Supp. V 2005), as well as violations of the Equal Pay Act of 1963, 29 U.S.C. § 206 (2000 & Supp. V 2005). *Id.* Pursuant to defendant's motion, the district court on March 5, 2007, transferred Ms. Moorehead's Equal Pay Act claim to this court under 28 U.S.C. § 1631

(2000 & Supp. V 2005). Def.'s Mot. Dismiss at 4; Pl.'s Resp. at 1. The district court did not transfer Ms. Moorehead's Title VII claim to this court; that claim was subsequently tried to a jury in the district court, and a verdict was rendered in favor of defendant. *Id.* On November 8, 2007, Ms. Moorehead filed a two-count amended complaint in this Court, with each count alleging a separate violation of the Equal Pay Act.[1]

## DISCUSSION

Ms. Moorehead alleges that she and her female coworkers have suffered discrimination on the basis of sex, in violation of the Equal Pay Act, 29 U.S.C. § 206(d). Although as a general matter this court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, over suits against the United States brought pursuant to the Equal Pay Act, defendant argues that Ms. Moorehead's claim must be dismissed because of the provisions of 28 U.S.C. § 1500. Section 1500 provides an exception to the general Tucker Act rule that "the United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon . . . any Act of Congress . . . ." 28 U.S.C. § 1491(a)(1). Specifically, section 1500 divests the Court of jurisdiction over any claim "for or in respect to which the plaintiff . . . has pending in any other court any suit or process against the United States . . . ." 28 U.S.C. § 1500. Defendant argues that, because Ms. Moorehead's Title VII claim was pending in the district court at the same time that her Equal Pay Act claim was effectively filed in this Court, section 1500 divests this Court of jurisdiction to hear Ms. Moorehead's claim.

For section 1500 to apply to divest this Court of jurisdiction over Ms. Moorehead's claim, she must have filed the same claim that is now pending here (*i.e.*, Count II of her amended complaint) in another court, and that claim must have been pending in that other court at the time that Ms. Moorehead's claim was effectively filed in this Court. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1549 (Fed. Cir. 1994) (holding that section 1500 applies only when the claim in the Court of Federal Claims is the same as the claim pending in the other court); *United States v. County of Cook, Illinois*, 170 F.3d 1084, 1090 (Fed. Cir. 1999) (holding that section 1500 applies only when the claim in the other court is pending at the time the claim is filed in the Court of Federal Claims). The Court will examine each of these requirements in turn.

---

[1] Count I of Ms. Moorehead's amended complaint alleges that she and other women working as transportation security screeners were paid less than men in the same position. Count II of the amended complaint alleges that Ms. Moorehead was paid less than men doing the same job when she held the position of lead transportation security screener. Because her Title VII claim in district court asserted problems related only to her employment as a lead transportation security screener, only Count II of her amended complaint here is potentially subject to dismissal for lack of jurisdiction under 28 U.S.C. § 1500. Count I is not subject to dismissal under section 1500 because it arises from different operative facts (*i.e.*, Ms. Moorehead's employment as a transportation security screener) than did her Title VII claim. *See Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (*en banc*) (permitting dismissal under section 1500 only where the two claims "arise from the same operative facts").

**I. Ms. Moorehead's Title VII Claim in District Court Was Pending When She Filed Her Equal Pay Act Claim in This Court.**

Ms. Moorehead admits that her claims in the district court were pending when she filed her claim here. Pl.'s Response 4. The Court agrees. As discussed above, Ms. Moorehead originally filed both her Title VII claim and her Equal Pay Act claim in the United States District Court for the Western District of Washington. The district court later transferred Ms. Moorehead's Equal Pay Act claim to this Court under 28 U.S.C. § 1631, which states that the Equal Pay Act claim "shall proceed as if it had been filed in . . . [this court] on the date upon which it was actually filed in . . . the court from which it [was] transferred." Thus, Ms. Moorehead's Equal Pay Act claim must be considered to have been filed in this court at precisely the same time as her Title VII claim was filed in the district court. *County of Cook*, 170 F.3d at 1090. When claims are filed simultaneously in this court and in another court, they are considered to be pending with respect to one another for purposes of 28 U.S.C. § 1500. *Id.* Thus, Ms. Moorehead's Title VII claim was pending in the district court at the time her Equal Pay Act claim was deemed filed here by operation of 28 U.S.C. § 1631.

**II. Ms. Moorehead's Title VII Claim in District Court Was the Same Claim as Her Equal Pay Act Claim in This Court.**

Given that Ms. Moorehead's district court claim was pending for purposes of 28 U.S.C. § 1500 at the time she filed her claim in this court, section 1500 will divest this court of jurisdiction to hear Ms. Moorehead's Equal Pay Act claim only if it is the same claim as her Title VII claim. To constitute the same claim as the Equal Pay Act claim pending here, Ms. Moorehead's Title VII claim must meet two requirements: (1) it "must arise from the same operative facts" as the Equal Pay Act claim, and (2) it "must seek the same relief" as the Equal Pay Act claim. *Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (*en banc*); *see also Keene Corp. v. United States*, 508 U.S. 200, 212 (1993) (". . . the comparison of the two cases for possible dismissal would turn on whether the plaintiff's other suit was based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested."); *Harbuck v. United States*, 58 Fed. Cl. 266, 269 (2003).

**A. Ms. Moorehead's Title VII and Equal Pay Act Claims Arise from the Same Operative Facts.**

Ms. Moorehead also admits that her Equal Pay Act claim and her Title VII claim arise from the same operative facts. Pl.'s Response 5. Again, the Court agrees. For an Equal Pay Act claim and a Title VII claim to arise from the same operative facts, it is enough that both claims assert discrimination on the basis of sex through the payment of less compensation to women than to men doing the same work. *Harbuck v. United States*, 378 F.3d 1324, 1328 (Fed. Cir. 2004). Both of Ms. Moorehead's claims allege these facts. Count II of her Equal Pay Act claim, filed in this Court, asserts that "Ms. Moorehead was assigned to and required to perform the duties of Lead Transportation Security Screener, . . . while male coworkers performing the same

duties were paid a higher salary for performance of the same and similar work." Am. Compl. ¶ 6. In her Title VII claim in district court, Ms. Moorehead alleges that she was a "Lead Screener" from January 15, 2003, until March 27, 2003, and that a "disparity in . . . rate of pay between [Ms. Moorehead] and at least one [similarly-employed] male [was] reflected in the amount shown on each of [Ms. Moorehead's] paychecks" from the time she was hired by TSA in October 2002 until the time she filed her complaint in October 2005. Def.'s Mot. Dismiss, Appendix 1 (Copy of District Court Complaint), at ¶¶ 2-3. Thus, Ms. Moorehead's district court complaint alleges that she was paid less than male employees during the time she was a lead transportation security screener. Under the rule articulated in *Harbuck*, because the district court Title VII claim and the Equal Pay Act claim filed in this Court both allege these facts, both claims arise out of the same operative facts.

**B. Ms. Moorehead's Title VII and Equal Pay Act Claims Seek the Same Relief.**

Citing *Loveladies Harbor*, Ms. Moorehead argues that 28 U.S.C. § 1500 does not divest this court of jurisdiction over her Equal Pay Act claim because that claim, as spelled out in Count II of her amended complaint filed in this court, requests different relief from the relief she sought in her Title VII claim in the district court. Pl.'s Resp. 5 ("The relief requested for Count II of the Amended Complaint is for an order for violations of the EPA; lost wages for the position of Lead Screener; and liquidated damages. The initial complaint makes no such request for relief under the Title VII claim, rather seeking reinstatement, damages for mental and emotional loss, and unspecified pecuniary damages."). Ms. Moorehead's reliance on *Loveladies Harbor* for this point is misplaced.

In *Loveladies Harbor*, the Federal Circuit found that the relief requested in two otherwise-identical complaints was different, and therefore section 1500 was inapplicable, where "the prayer [for relief] in the Court of Claims complaint contained an express request for damages . . . [and] that request was missing from the complaint in the district court." *Loveladies Harbor*, 27 F.3d at 1553. Such is not the case with Ms. Moorehead's complaints. Rather, Ms. Moorehead sought monetary damages in the district court, and she seeks monetary damages here. Am. Compl. ¶ 8.d ("Ms. Moorehead requests the Court . . . [o]rder the defendant to pay to Ms. Moorehead all lost wages and benefits and an equal amount of liquidated damages for the defendant's violation of the Equal Pay Act."); Def.'s Mot. Dismiss, Appendix 1 (Copy of District Court Complaint), at Request for Relief, ¶ 3 ("Plaintiff . . . now prays for judgment to be entered against Defendant . . . as follows: . . . Awarding Plaintiff her pecuniary and non-pecuniary damages, including compensation for mental and emotional harm."). Although different theories give rise to the request for money in each case, both complaints request monetary damages.

Where monetary damages are sought in both forums, even when those monetary damages stem from different legal theories, section 1500 is applicable (assuming the other requirements of the statute—that the claims arise from the same operative facts and that the district court claim be pending when the Court of Federal Claims complaint is filed—are met). *Johns-Manville Corp. v. United States*, 855 F.2d 1556, 1566 (Fed. Cir. 1988) ("section 1500 [i]s not applicable . . .

where a different type of relief is sought in the district court (equitable) from that sought in the Court of Claims (money). In the present case, however, the relief sought from both courts is money, but under different theories."); *see also Harbuck*, 378 F.3d at 1329 ("Both claims also 'seek the same relief': money damages."); *County of Cook*, 170 F.3d at 1091 (upholding the applicability of section 1500 where "both counts seek the same relief–money with interest, albeit under different theories").

Given that both of Ms. Moorehead's complaints seek monetary damages, it is of no consequence that each complaint seeks additional relief not sought in the other complaint (*i.e.*, the declaratory relief sought here but not in the district court, as well as Ms. Moorehead's reinstatement, a form of injunctive relief sought in the district court but not here). Where both complaints seek the same relief, but there is additional relief sought in one of the complaints that is not sought in the other, making the relief not completely identical or coterminous, section 1500 still applies. *Keene*, 508 U.S. at 212 (requiring only "some overlap in the relief requested" for section 1500 to be applicable); *Harbuck*, 378 F.3d at 1329 ("The inclusion of other and different requested relief in the two complaints [beyond the money damages requested in both complaints] does not avoid the application of [section 1500]."). Because Ms. Moorehead's Title VII claim in the district court and her Equal Pay Act claim in this court both seek monetary damages, the two claims seek the same relief.

## CONCLUSION

Because Count II of Ms. Moorehead's amended complaint in this court is deemed by operation of 28 U.S.C. § 1631 to have been filed while her Title VII claim was pending in the district court; because Count II here and Ms. Moorehead's district court complaint both arise from the same operative facts; and because Count II here and Ms. Moorehead's district court complaint both seek the same relief, 28 U.S.C. § 1500 divests this court of jurisdiction to hear and decide Count II. Thus, defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims is **GRANTED**. Count II of Ms. Moorehead's amended complaint is hereby **DISMISSED**.

As explained earlier, *see supra* note 1, Count I of Ms. Moorehead's amended complaint is not subject to dismissal under 28 U.S.C. § 1500. Accordingly, proceedings on that count should go forward. The Court will be in touch with the parties shortly to set a date and time for a scheduling conference to discuss the nature and timing of future proceedings relating to Count I.

**IT IS SO ORDERED.**

s/ George W. Miller
GEORGE W. MILLER
Judge