UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

| | |
|---|---|
| Paula R. Moorehead,<br>Plaintiff | ) |
| v. | ) C.A. No. 07-654 C<br>) GWM |
| The United States,<br>Defendant | ) |

**PLAINTIFF PAULA MOOREHEAD'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Background**

Paula Moorehead, (Ms. Moorehead), the plaintiff in this action, filed a civil action in the United States District Court, Western District of Washington, alleging the Transportation Security Administration (TSA) violated the Equal Pay Act, (EPA), 29 U.S.C. § 206(d)(1) by hiring and paying females less wages for the performance of work requiring the same skill, effort, and responsibility, in the position of Transportation Security Screener. On March 5, 2007, the District Court, ruling on the Government's Motion to Dismiss and/or for Summary Judgment, issued an order transferring the EPA claims to the Federal Court of Claims and retaining jurisdiction of the Title VII claim. On September 10, 2007, this Court accepted transfer of the record from the United States District Court for the Western District of Washington. This Court directed Ms. Moorehead to file the original complaint or an amended complaint by October 9, 2007. The Court extended the time for filing of the complaint, for good cause, until November 8, 2007. On November 8, 2007, Ms. Moorehead filed an Amended Complaint, R.4.

On May 13, 2008, this Court ordered the Government to file its Motion for Summary Judgment on or before June 13, 2008, at 5:00 p.m. On June 13, 2008, the Government filed a

Motion for Summary Judgment, pursuant to RCFC Rule 56, on two grounds, asserting Ms. Moorehead did not have a prima facie case and the Government relied upon a factor other than sex, as the reason for the salary differential between females and males. The Government identified the factor other than sex as experience, *Defendant's Motion for Summary Judgment*, p. 2. The Government did not submit a separate Statement of Uncontroverted Facts, as required by RCFC Rule 56(h)(1).

**Statement of Facts**

In October 2002, Ms. Moorehead, a female, applied for employment with TSA as a Transportation Security Screener Supervisor, *Proposed Fact 2.* At the time of her application, Ms. Moorehead had six and one-half months of experience as a contract screener and acting lead screener, certification on x-ray equipment, trace detection, physical searches, calibration and maintenance of security equipment; and had served four years with the Army reserves, *Proposed Fact 4.* Ms. Moorehead met the qualifications for the position of Supervisor and Transportation Screener and began employment, as a Transportation Security Screener on October 9, 2002, *Proposed Fact 1*. Ms. Moorehead, along with her newly hired coworkers, was required to complete TSA training and be certified on TSA equipment, *Proposed Fact 10.* After completion of training Ms. Moorehead was assigned to Checkpoint screening and subsequently baggage screening, with the same duties, work assignments, and responsibilities as males in the position of Transportation Security Screener, *Proposed Fact 11.*

On April 26, 2002, the Government had issued Policy Guidance for hiring of screeners, which required hiring at the minimum Pay Band D, unless an individual had specialized experience, current or within the last year, directly related to passenger and baggage screening functions,

*Proposed Fact 5-6.* The Policy Guidance defined the specialized experience which could be credited to offer a salary above Pay Band D and required a TSA management official to independently review salary offers above the midpoint of Pay Band D, *Proposed Facts 7- 8.*

Application files of males hired in the position of Transportation Screener show the Government hired males without the required specialized experience in screening, at salaries above the minimum Pay Band D, *Proposed Facts 12-26.* Ms. Moorehead's Salary Determination Decision Tool was missing from her application file, *Proposed Fact* 9.

Paul Sheldon, as a Policy Analyst, in the Office of Human Capital for TSA, stated he had not reviewed the files of applicants, during the application process; could not reconstruct the salary determinations; and stated he was certain all salary offers above the midpoint of Pay Band D had an independent review by a TSA official, *Proposed Fact 27-28.*

**Standard of Law**

RCFC Rule 56 permits a party to move for summary judgment at any time with or without supporting affidavits. RCFC 56(e) requires affidavits be based upon personal knowledge setting forth facts which would be admissible in evidence and showing the affiant is competent to testify to the matters in the affidavit. RCFC 56(h) requires a moving party to file a separate statement of Proposed Findings of Uncontroverted Facts. In seeking summary judgment, the burden is on the moving party to demonstrate the absence of evidence to support an essential element of the non-movant's claim by establishing the absence of disputes of material fact, *Riley & Ephriam Construction Co. v. U.S.*, 408 F.3d. 1369, 1371-72 (Fed. Cir. 2005)*; Harper/Nielsen-Dillingham Builders, Inc. v. U.S.*, 81 Fed.Cl. 667, 673-74 (2008); *Lissak v. U.S.*, 49 Fed.Cl. 281, 282(2001). Supporting Affidavits must be based upon personal knowledge, to which the affiant would be

competent to testify, *Adarbe v. U.S.* , 58 Fed.Cl. 707, 711(2003); *Halliday v. U.S.*, 7 ClCt. 315, 322 (1985). Statements not based upon personal knowledge are inadmissible, *Id.*

In a claim under the EPA, a plaintiff must present evidence of a prima facie case by showing the employer pays different wages to males and females for jobs which require equal skill, effort, and responsibility performed under similar working conditions, *Mansfield v. U.S.*, 71 Fed.Cl. 687, 692-93 (2006). Proof of discriminatory intent is not required to establish a prima facie case under the EPA, *Beck-Wilson v. Principi*, 441 F.3d. 353, 360 (6th Cir. 2006). A plaintiff must show the jobs are substantially equal, not the skills and qualifications of individual employees, *Id.* at 362-363. Education, experience, and other skills and qualifications are part of an employer's defense, not the prima facie case, *Id.* A plaintiff is not required to identify a specific individual as "a perfect male comparator," to establish a prima facie case, *Id.* Once a prima facie case is established, an employer must prove one of the four affirmative defenses is the cause of the wage differential, *Id.* ; *Mansfield, supra.* at 693;. The employer bears the burden of persuasion to show the affirmative defense identified is actually the factor causing the difference in pay, *Id.* Evidence, the employer did not use "the factor reasonably in light of the employer's stated purpose. . .," may be considered in determining whether the factor is a pretext for discrimination, *Id.* On a motion for summary judgment, the employer's evidence must be so clear a rational factfinder could not find for the non-movant, *Id.*

**Argument**

**A Moving Party Is Required To Submit Evidence Of The Absence of Disputes On Material Facts**

In a motion for summary judgment, the burden is on the moving party to submit admissible

evidence of the absence of disputes on material facts. A party may not rely on general allegations and conclusions and must direct the Court to pleadings, affidavits, depositions, and other admissible evidence which shows no dispute exists on a material fact that is an essential element of the non-movant's claim, *Riley & Ephraim Construction Co/, supra., Lissak, supra.*. In this case, the Government submitted no statement of uncontroverted facts and relies on a general reference to the pleadings and the affidavit of Paul Sheldon to support its motion, *Defendant's Motion for Summary Judgment*, p.1. The affidavit of Paul Sheldon is not based upon the personal knowledge of Mr. Sheldon and is not admissible as evidence under RCFC Rule 56(e). Mr. Sheldon testified, at his deposition, he had not reviewed the male applicant files at the time of application and could not reconstruct the reasons for the salary differences between Ms. Moorehead and her male comparators, *Proposed Fact* 28. The Government's motion points to no other evidence which would support its claim, there is an absence of a material fact on Ms. Moorehead's claim.

The evidence in this case shows Ms. Moorehead was hired at a lower salary than her male counterparts and was required to perform the same duties in the position of Transportation Screener. The Government presents no evidence that the wage differential did not exist. The responsibility of a moving party is to show either no wage differential existed or to present a clear reason for the wage differential which falls within the enumerated exemptions under the EPA. The Government's motion presents no evidence on either of the two points. Although the Government argues experience was a factor, its reliance on the Sheldon declaration, falls short of meeting the burden of producing evidence which would be admissible at trial on this matter. Mr. Sheldon would be unable to testify from his personal knowledge as to any of the reasons for the

acceptance of experience of male applicants, which deviated from TSA's Salary Guidance Policy, in offering males higher starting salaries. The application files of males directly refute the Government's claim that experience was a factor in offering higher pay. The files of male applicants show higher starting salaries, despite the males having none of the required specialized experience directly related to screening activities, *Proposed Facts No. 13-26.* As set forth in *Mansfield, supra*., the Government must do more than posit a reason, it must clearly show the factor relied upon caused the wage difference.

The Government's motion for summary judgment should be denied, since it has not met its burden as the moving party to present admissible evidence which shows an absence of a material fact on Ms. Moorehead's claim.

**Evidence of Different Wages Paid For Substantially Equal Work Establishes A Prima Facie Case**

A prima facie case, under the EPA, is established by submitting evidence, a female was paid less wages for performing the same duties as males in a similar position which required equal skills, duties, and responsibilities. Ms. Moorehead and her male applicants were hired to perform the duties of a Transportation Security Screener. All individuals in the position were required to possess the same skills; to perform the same duties; and received the same work assignments, with no distinction made based upon experience, *Proposed Facts 9-11*. The evidence shows Ms. Moorehead's male comparators received higher starting salaries for performance of the same work, *Proposed Facts 13-26.* Ms. Moorehead's evidence meets her burden for establishment of a prima facie case, since a showing of intent is not required under the EPA, *Beck-Wilson, supra*. at 360. The Government's *Motion for Summary Judgment*, pp. 10-15, does not point to any

evidence that the duties performed by male Transportation Security Screeners were different; required more skills; required more responsibility; or any factor justifying the higher rate of pay. The Government contends that differences in salary for male comparators and Ms. Moorehead are related to experience. Experience is an affirmative defense and is not considered as a part of the plaintiff's burden in establishing a prima facie case, *Id.* at 363. The Government has failed to meet its burden of presenting evidence which shows the performance of work of males and females in the position of Transportation Security Screener were different in some manner. Ms. Moorehead has established a prima facie case and the Government's Motion for Summary Judgment o this basis should be denied.

**The Burden of Proof For An Affirmative Defense**
**Remains At All Times With The Employer**

Ms. Moorehead's evidence of a prima facie case, shifts the burden to the Government to prove the factor relied upon is the cause of the wage differential. For an affirmative defense, the burden of proof, including the burden of persuasion, remains at all times with the employer, *Id.* at 360, *Mansfield, supra.* at 693. The Government in this case asserts, the general defense under 29 U.S.C. 206(d)(1) of a factor other than sex and specifically cites experience as the factor which supports the difference in pay. In order to prove experience was the cause of the pay difference, the Government must present evidence which would show no rational factfinder could find the salary difference was based upon anything other than the experience of the applicant and the experience was related to its stated purpose, *Id.* The Salary Guidance issued by TSA required applicants to start at the minimum Pay Band D, unless the applicant met the two required criteria of the exception, *Proposed Facts 6-8.* To assure deviations from the minimum

starting salary were consistent, TSA required a TSA Management official to sign off on all salaries and to conduct an independent review of salary offers above the midpoint of Pay Band D, *Proposed Fact 8.* A review, of the male applicant files, shows that males with no creditable specialized experience were granted higher starting salaries than Ms. Moorehead, *Proposed Facts 13-26*. Males were awarded higher starting salaries, without having any of the required experience, which refutes the Government's assertion that experience was necessary to performance of the position. In addition, Ms. Moorehead and all applicants were required to take the same training and no distinction was made by TSA in work assignments based upon the experience factor, *Proposed Facts 10-11*. If experience justified the higher starting salary, the TSA records do not show it bore any rational relationship to the performance of the job, since males, with no experience, received higher starting salaries. Ms. Moorehead, despite having the creditable specialized experience, was not given a higher salary and TSA somehow lost her Salary Determination Decision Tool, *Proposed Facts 3-4, 9.* As stated in *Mansfield*, to prevail on summary judgment on an affirmative defense, the employer must do more than assert a non-gender reason; evidence must be submitted the factor was used for its stated purpose. The Government in this case has failed to submit any evidence that experience was reasonably related to new hires being able to perform the job better or with less training. Mr. Sheldon's declaration will not suffice as support for the pay difference, since he could not reconstruct any of the reasons males received higher pay, *Proposed Facts 27-28.* Mere conclusions by Mr. Sheldon that the factor was gender neutral will not support the Government's burden to show the absence of sex as a factor in setting the starting salaries of Ms. Moorehead and male applicants. *Beck-Wilson, supra.* at 365, held, "[T]he party who bears the burden of persuasion must demonstrate

that there is no genuine issue as to whether the difference in pay is due to a factor other than sex." The application files, of males with no experience and males who failed the qualifications requirements receiving higher starting salaries, is evidence which creates disputes of fact on the Government's affirmative defense, that experience was the factor other than sex. The evidence, that experience was not used in a consistent manner; that all new hires had to complete training; and that no distinction was made in the assignment of duties, refutes the Government's assertion that experience was the reason for higher starting salaries. The Government's *Motion for Summary Judgment* should be denied.

**Conclusion**

Ms. Moorehead having established evidence of a prima facie case and submitted evidence showing experience was not a factor in determining starting salaries for the position of Transportation Security Screener, the Government's motion should be denied. The Government has failed to submit evidence to sustain its burden of proof on a motion for summary judgment. As set forth in *Riley & Ephraim Construction Co., supra.,* and *Lissak, supra*, a moving party

bears the burden of submitting admissible evidence which shows the absence of material facts on the non-movant's claim. Failure to submit such evidence requires the denial of a motion for summary judgment. For the reasons stated herein, Ms. Moorehead respectfully requests the Court deny the Government's *Motion for Summary Judgment*.

Respectfully Submitted,

/s/_________________________

Barbara B. Hutchinson
D.C. Bar No. 418967
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764
Attorney for Plaintiff

July 14, 2008