IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAULA R. MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-654C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**PROPOSED FINDINGS OF UNCONTROVERTED FACT**

Pursuant to Rule 56(h)(2) of the Rules of this Court ("RCFC"), defendant, the United States, respectfully responds to the proposed findings of uncontroverted fact filed by plaintiff, Paula Moorehead.

Proposed Finding:

1. Ms. Moorehead began employment in the position of Transportation Security Screener, for the Transportation Security Administration, (TSA), at the Seattle-Tacoma International Airport (SeaTac), on October 9, 2002.

Response:

1. Undisputed.

Proposed Finding:

2. In October 2002, Ms. Moorehead had applied and been interviewed for the position of supervisory screener, at SeaTac.

Response:

2. Undisputed.

Proposed Finding:

3. After completion of the interview and testing, Ms. Moorehead, at the salary determination interview, submitted her most recent two pay stubs from her current employer and was informed she could only be offered the Pay Band D minimum salary, of $23,600 per year.

Response:

3. Undisputed.

Proposed Finding:

4. On the date of Ms. Moorehead's salary determination interview, Ms. Moorehead was employed as a gate screener and acting lead screener, for a private contractor, at SeaTac and had six and one-half months of experience. Ms. Moorehead's experience included x-ray equipment, trace detection, physical searches, calibration and maintenance of security equipment; and four years with the Army Reserves.

Response:

4. Disputed. Ms. Moorehead's Work Experience Interview Form indicates that she had four months of experience as a screener and was certified in the use of a hand-held wand. No other factors are indicated such as law enforcement or military service, a degree, managerial experience, or a higher salary. Sheldon Decl. ¶ 19.

Proposed Finding:

5. On April 26, 2002, the Government, due to inconsistencies in pay in the hiring of Transportation Security Screeners, issued guidance for the hiring of individuals in the position.

Response:

5. Undisputed.

Proposed Finding:

6. The April 26, 2002 guidance required hiring at the Pay Band D minimum salary, unless an individual met two criteria for specialized experience: (1) experience directly related to passenger and baggage screening functions and (2) the experience must be current or within the last year.

Response:

6. Undisputed.

Proposed Finding:

7. The April 26, 2002 guidance set out required procedures for determining specialized experience stating, ". . ." involves applying technical knowledge and managerial experience in screening functions. Examples of work that include screener functions are operating x-ray equipment, trace detection, physical searches, computer-aided tomography, aviation checkpoint, calibration and maintenance on security equipment, and inspections. (Creditable work experience can be found in various occupations like airline security, airline ground security (GSC), and law enforcement positions.)

Response:

7. Undisputed.

Proposed Finding:

8. The April 26, 2002 guidance required all salary determinations to be signed by a representative from NCS Pearson, the recruiting contractor, and the Contract Officer Technical Representative of TSA; a TSA Management official was to approve salary offers above the

midpoint; and all offers had to be at the minimum Pay Band D, if the applicant did not meet the creditable specialized experience.

Response:

8. Undisputed.

Proposed Finding:

9. Ms. Moorehead's salary determination tool was missing from the TSA files.

Response:

9. Disputed. Ms. Moorehead's file does not contain a Decision Tool. Sheldon Decl. ¶ 19.

Proposed Finding:

10. Ms. Moorehead and all individuals hired were required to attend TSA training and be certified on TSA equipment, upon beginning employment.

Response:

10. Undisputed.

Proposed Finding:

11. After completion of training, Ms. Moorehead was assigned to Checkpoint for three months and then to baggage, working alongside her male coworkers and performing the same duties, with no distinction being made between work assignments, responsibilities or skills based upon experience.

Response:

11. Undisputed.

Proposed Finding:

12. TSA produced the applications files of male employees ID number 4, 41, 166, 224, 281,

376, 383, 446, 492, 501, 502, 599, 621, 655, 806, 836, 953, 975, 1023, with Bates number ranges 001000 to 002083, 002364 to 002585, and 003315 to 003344.

Response:

12. Undisputed.

Proposed Finding:

13. Male Employee ID No. 4, Bates number 001008, 001009-001012 and 002085-002087, was unemployed since retirement from the U.S. Coast Guard beginning in May 2001; had no certifications; had never performed ground security, checkpoint, airport security duties, calibrating and maintenance of security equipment; and was hired at a starting salary of $28,000.

Response:

13. Disputed. Male Employee ID No. 4's experience included wand and walk-through security in Governor’s Island, NY. Sheldon Decl. ¶ 17(a).

Proposed Finding:

14. Male Employee ID No. 41, Bates number 001036, 001045, and 002092-002094, was unemployed; had no experience with airport screening, calibrating and maintenance of security equipment, use of x-ray equipment for screening, trace detection, and had no certifications; and was offered a salary of $27,500.

Response:

14. Disputed. Male Employee ID No. 41 had 25 years of service with the National Guard, which included bomb-check training with luggage and cargo. Sheldon Decl. ¶ 17(b).

Proposed Finding:

15. Male Employee ID No. 166, Bates number 001113, 001117 and 002120-002122, was

unemployed; had no experience with airport screening, x-ray equipment, explosive detection, trace detection, bag inspection, and had no certifictions; and was offered a starting salary of $26,000.

Response:

15. Undisputed.

Proposed Finding:

16. Male Employee ID No. 281, Bates number 001288, 001298, was employed as an insurance agent; had two months as a security screener; a current salary of $13,000, and was offered a starting salary of $25,500.

Response:

16. Undisputed.

Proposed Finding:

17. Male Employee ID No. 376, Bates number 002406-002407 and 002410, was receiving unemployment benefits at the time of application, had no current security experience and was offered a starting salary of $25,000.

Response:

17. Undisputed.

Proposed Finding:

18. Male Employee ID No. 383, Bates number 002162-002164 and Decision Tool, had no security experience, certification or training and was offered a starting salary of $29,500.

Response:

18. Disputed. Male Employee ID No. 383 had significant prior experience, including 13

years of experience in air cargo and as an airport ticket counter agent, 20 years of service in the Air Force, and current employment as a cargo agent. Sheldon Decl. ¶ 17(i).

Proposed Finding:

19. Male Employee ID No. 446, Bates number 001458-001459 and Decision Tool, had no current security experience, training, or certifications and was discharge from the military in 1971. Employee ID No. 446 was offered a starting salary of $25,350.

Response:

19. Undisputed.

Proposed Finding:

20. Male Employee ID No. 492, Bates number 002197-002199 and 002444, had no security experience, training, or certifications and had never been employed at an airport. Employee ID No. 492 was offered a starting salary of $26,600.

Response:

20. Disputed. Male Employee ID No. 492 possessed experience, including work as a security guard. Sheldon Decl. ¶ 17(m).

Proposed Finding:

21. Male Employee ID No. 599, Bates number 001636, 001648-001649, 002239-002241, failed the competency test; had three to four months of screening experience; was a Personnel manager with Huntleigh, USA; and was offered a starting salary of $28,000.

Response:

21. Disputed. Male Employee ID No. 599 failed the competency test to become a supervisory screener ("STSS"), not a screener. Pl. Exh. 14.

Proposed Finding:

22. Male Employee ID No. 621, Bates number 001693-001694 , 001696-001698 and 002253-002255, failed the competency test for lead screener; had less than one year experience as a screener; was earning $12.00 per hour on the date of application; and was offered a starting salary of $27,750.00.

Response:

22. Disputed. Male Employee ID No. 621 failed the competency test to become a supervisory screener ("STSS"), not a screener. Pl. Exh. 15.

Proposed Finding:

23. Male Employee ID No. 806, Bates Number 001903-001904, applied at Baltimore-Washington International Airport for a screener position in May 2002 and failed the competency test. TSA policy prohibited an individual from reapplying for 6 months. On October 6, 2002, Employee ID No. 806 was hired at a starting salary of $29,619.

Response:

23. Undisputed.

Proposed Finding:

24. Male Employee ID No. 836, Bates number 001936 and 002643-002645, was not currently performing screening duties at an airport; had no certifications; and had never been employed at an airport. Employee ID No. 836 was offered a starting salary of $26,000.

Response:

24. Undisputed.

Proposed Finding:

25. Male Employee ID No. 953, Bates number 001952-001953 and 001970 , had six months experience as a screener and was laid off from his most recent employment. Employee ID No. 953 was offered a starting salary of $25,500.

Response:

25. Undisputed.

Proposed Finding:

26. Male Employee ID No. 1023, Bates number 001751, 002078 , and 002080-002081, had nine months of security experience as a security guard at the Tacoma Courthouse; had no certifications and was earning $7.75 per hour at the time of application. Employee ID No. 1023 was offered a starting salary of $29,000.

Response:

26. Undisputed.

Proposed Finding:

27. Paul Sheldon, Policy Analyst, Office of Human Capital, for TSA, in Washington, D.C., with responsibilities for writing policies, began employment in September 2002

Response:

27. Undisputed.

Proposed Finding:

28. Mr. Sheldon had not reviewed the files of applicants during the application process and stated he could not determine why certain evaluations were given and was certain a

TSA official did an independent assessment of all salary offers above the midpoint salary range.

<u>Response:</u>

28. Undisputed.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Transportation Security Administration

August 29, 2008

CERTIFICATE OF SERVICE

I certify under that on this 29th day of August, 2008 a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACTS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ DAVID S. SILVERBRAND