No. 07-654C
(JUDGE MILLER)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PAULA R. MOOREHEAD,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

TODD M. HUGHES
Deputy Director

DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Transportation Security Administration

August 29, 2008

**TABLE OF CONTENTS**

ARGUMENT. .......... 2

I. The Standard of Review For Summary Judgment. .......... 2

II. Ms. Moorehead Cannot Establish A Prima Facie Case. .......... 5

III. Assuming That Ms. Moorehead Has Established A Prima Facie Case, The Pay Differential Was Not Based Upon Gender. .......... 7

CONCLUSION. .......... 11

## TABLE OF AUTHORITIES

### CASES

Behm v. United States,
68 Fed. Cl. 395 (2005). ..................... 4, 8

Burlington N. R.R. Co. v. Nebraska,
802 F.2d 994 (8th Cir. 1986). ..................... 4

Celotex Corp. v. Catrett,
477 U.S. 317 (1986)) (emphasis in original. ..................... 3

Corning Glass Works v. Brennan,
417 U.S. 188 (1974). ..................... 3, 4

Covington v. Southern Ill. University,
816 F.2d 317 (7th Cir. 1987), cert. denied, 484 U.S. 848 (1987). ..................... 9

Fallon v. State of Ill.,
882 F.2d 1206 (7th Cir. 1989). ..................... 9, 10

Harper/Nielsen-Dillingham, Builders, Inc. v. United States,
81 Fed. Cl. 667 (2008). ..................... 3

Hutchins v. International Brotherhood of Teamsters,
177 F.3d 1076 (8th Cir. 1999). ..................... 9

Irby v. Bittick,
44 F.3d 949 (11th Cir. 1995). ..................... 9

Lissak v. United States,
49 Fed. Cl. 281 (2001). ..................... 3, 7

Lockheed Martin Corp. v. United States,
70 Fed. Cl. 745 (2006). ..................... 4

Long Island Sav. Bank v. United States,
503 F.3d 1234 (Fed. Cir. 2007). ..................... 3

M.A. DeAtley Const., Inc. v. United States,
75 Fed. Cl. 812 (2007). ..................... 4, 11

Mansfield v. United States,
71 Fed. Cl. 687 (2006). ..................... 4, 8

Pouncy v. Prudential Insurance Co.,
668 F.2d 795 (5th Cir. 1982). .......... 10

Sweats Fashions, Inc. v. Pannill Knitting Co., Inc.,
833 F.2d 1560 (Fed. Cir. 1987).......... 3

Taylor v. White,
321 F.3d 710 (8th Cir. 2003). .......... 10

Vance v. Bradley,
440 U.S. 93 (1979).......... 8

## STATUTES

29 U.S.C. § 206(d)(1). .......... 5, 8

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PAULA R. MOOREHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-654C |
| | ) | (Judge Miller) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply in support of its motion for summary judgment.

In our motion for summary judgment, we demonstrated that Ms. Moorehead has failed to establish a prima facie case under the Equal Pay Act that the Transportation Security Administration ("TSA") discriminated against her on the basis of sex by paying wages to employees at a rate less than the rate at which it pays wages to employees of the opposite sex for equal work. Because the agency demonstrably treated males and females similarly, the fact that some male employees and some female employees might have been paid more than Ms. Moorehead does not, in and of itself, establish a prima facie case of an Equal Pay Act violation. Additionally, we demonstrated that, even if the Court holds that Ms. Moorehead has met her burden to establish a prima facie case under the Equal Pay Act, the United States is still entitled to summary judgment, because the evidence overwhelmingly establishes that the starting salary differentials were based on a "factor other than sex." Specifically, because any pay differential between Ms. Moorehead and her comparators was gender-neutral, the evidence rebuts any showing of a prima facie case by Ms. Moorehead.

In her response to our motion for summary judgment, Ms. Moorehead contends that the Government has not met its burden to present admissible evidence which shows an absence of a material fact upon Ms. Moorehead's claim. Pl. Br. at 4-5. Specifically, Ms. Moorehead contends that the evidence demonstrates that Ms. Moorehead's male comparators received higher starting salaries for performance of the same work and, therefore, she has met her burden to establish a prima facie case. Id. at 6-7. Additionally, Ms. Moorehead contends that the Government has failed to meet its burden to demonstrate that the evidence establishes that the starting salary differentials were based on a "factor other than sex." Id. at 7-9. We address each of Ms. Moorehead's arguments below.

## ARGUMENT

### I. The Standard of Review For Summary Judgment

In our motion for summary judgment, we satisfied our burden to demonstrate that there is no genuine issue as to any material fact upon Ms. Moorehead's claims and, thus, judgment should be entered for defendant.

In her response, Ms. Moorehead contends that "the Government submitted no statement of uncontroverted facts and relies on a general reference to the pleadings and the affidavit of Paul Sheldon to support its motion." Pl. Br. at 5.[1] Thus, Ms. Moorehead contends that "there is an absence of a material fact on Ms. Moorehead's claim." Id. Ms. Moorehead's contentions are unavailing.

[1] With this response, we have concurrently filed a motion for leave to file a proposed findings of uncontroverted fact out of time.

Contrary to Ms. Moorhead's contentions, we established that "the burden is not on the movant to produce evidence showing the absence of a genuine issue of material fact." Sweats Fashions, Inc. v. Pannill Knitting Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987) (emphasis in original). Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the [Court of Federal Claims] -- that there is an absence of evidence to support the non-moving party's case." Id. (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)) (emphasis in original). Ms. Moorehead bears the burden "to establish a genuine issue of material fact, 'that is, evidence such that a reasonable [trier of fact] could return a verdict for the nonmoving party' with regard to that element of the claim." Harper/Nielsen-Dillingham, Builders, Inc. v. United States, 81 Fed. Cl. 667 (2008) (citing Long Island Sav. Bank v. United States, 503 F.3d 1234, 1243-44 (Fed. Cir. 2007)) (additional citations omitted).

Thus, contrary to Ms. Moorehead's contention that the Government bears the burden to demonstrate that, "either no wage differential existed or to present a clear reason for the wage differential which falls within the enumerated exemptions under the EPA," Pl. Br. at 5, as we demonstrated, Ms. Moorehead bears the burden of proving that there is a genuine issue as to whether she performed work similar to those of the opposite sex (that is, the "male comparators") involving equal skill, effort and responsibility; that she and her male comparators performed the work under similar conditions; and that the TSA compensated Ms. Moorehead and her male comparators differently for that work. See Lissak v. United States, 49 Fed. Cl. 281, 284 (2001) (citing Corning Glass Works v. Brennan, 417 U.S. 188, 195 (1974)).

Only if Ms. Moorehead were to establish that a genuine issue of fact exists as to whether she can establish a prima facie case would the burden shift to the United States to prove that the

disparity can be accounted for by one of the four exceptions to the Equal Pay Act. Mansfield v. United States, 71 Fed. Cl. 687, 693 (2006) (citing Corning, 417 U.S. at 196)). At the summary judgment stage, this means evidence from which it may reasonably be inferred that the real factor behind wage differentials was not the identified 'factor other than sex.'" Behm v. United States, 68 Fed. Cl. 395, 400 (2005) (citations omitted).

Additionally, Ms. Moorehead contends that Mr. Sheldon's testimony is not sufficient to satisfy Rule 56(e) because it is not based upon personal knowledge. Pl. Br. at 3-4, 8. Ms. Moorehead's contention is without merit. Courts have consistently held that "personal knowledge or perception acquired through review of records prepared in the ordinary course of business, or perceptions based on industry experience is a sufficient foundation for lay opinion testimony . . . ." M.A. DeAtley Const., Inc. v. United States, 75 Fed. Cl. 812, 818 (2007) (quoting Burlington N. R.R. Co. v. Nebraska, 802 F.2d 994, 1004-05 (8th Cir. 1986)). Indeed, personal "knowledge does not require that the affiant be personally involved in all of the matters at issue, but can include information obtained from a review of business records." Lockheed Martin Corp. v. United States, 70 Fed. Cl. 745, 754 (2006) (citations omitted).

Mr. Sheldon's declaration establishes that he is qualified to review employee personnel records: (1) he has been employed by the TSA, Office of Human Capital ("OHC"), since September 2002; (2) at the time he was hired, Mr. Sheldon's duties included writing and interpreting policy in employee relations areas, such as employee conduct and responsibilities, performance management, leave, reasonable accommodation, grievances, and other similar issues; (3) in 2003, Mr. Sheldon's responsibilities grew to include planning and directing the activities of the Policy unit, recruiting and hiring staff, and working with senior management to

develop and implement program goals; (4) in his current position, Mr. Sheldon's duties include researching and writing on a wide range of human resources policy matters, such as writing the new performance appraisal directive for TSA's screening workforce, assisting with the development of TSA's USERRA policy, re-writing TSA's policy on the initial training and certification of screeners, and re-writing TSA's Alternative Work Schedule policy. Def. Exh D. ¶ 1. Mr. Sheldon's "declaration is based on [his] personal knowledge, information, and experienced judgment acquired in the course of [his] official duties." Id. ¶ 3. Indeed, Mr. Sheldon reached his conclusions after reviewing TSA records, Ms. Moorehead's job application, and 22 male screeners that Ms. Moorehead has identified as her comparators. Id. ¶¶ 13-14, 17. Thus, Mr. Sheldon's statement satisfies Rule 56(e) because it is properly based upon his experience and review of the relevant business records.

For these reasons, we have met our burden to demonstrate that there is an absence of evidence to support Ms. Moorehead's claims.

## II. Ms. Moorehead Cannot Establish A Prima Facie Case

In our motion for summary judgment, we established that Ms. Moorehead has failed to establish that TSA paid males, in general, higher wages than it paid females for substantially similar work and, therefore, has failed to meet her burden of demonstrating that her employer, the TSA, discriminated against her on the basis of sex by paying wages to employees at a rate less than the rate at which the TSA pays wages to employees of the opposite sex for equal work. 29 U.S.C. § 206(d)(1).

In her response, Ms. Moorehead contends that "[t]he evidence shows Ms. Moorehead's male comparators received higher starting salaries for performance of the same work." Pl. Br. at

6 (citing Pl. Proposed Statement Of Undisputed Facts ("P.S.U.F.") at 9-11). Additionally, Ms. Moorehead contends that the United States "does not point to any evidence that the duties performed by male Transportation Security Screeners were different; required more skills; required more responsibility or any factor justifying the higher rate of pay." Pl. Bt. at 7. Ms. Moorehead's contentions are unavailing.

As we demonstrated in our motion for summary judgment, most TSA screeners were hired at the base screener salary which was $23,600, plus a locality adjustment. Ms. Moorehead was offered a job at $23,600, plus a locality pay adjustment. Def. P.S.U.F. at 25 (Exh. E). Although TSA hired certain Screeners at higher than minimum salaries depending upon prior, specialized experience, Ms. Moorehead has not provided any evidence that it treated females less favorably than males. Def. P.S.U.F. at 26 Sheldon Decl. ¶¶ 12-13. Moreover, contrary to Ms. Moorehead's contention that there is no evidence that the duties performed by male Transportation Security Screeners were different, Pl. Br. at 7, as we demonstrated, the files of the screeners who received a salary bump demonstrate that the NCS Pearson representatives consistently, for both males and females, considered the same criteria in determining whether to give a salary increase. Specifically, they considered: (1) screening or other similar security work experience, including the number and types of equipment certifications and the number of those pieces of equipment with which a candidate had training and/or actual work experience; (2) law enforcement experience, including police, firefighting and correctional officer experience; (3) military experience; (4) management experience (not limited to security, law enforcement or military); and (5) degrees, perhaps limited to the Bachelor's level or higher, without regard to the field of study. Def. P.S.U.F. at 28 (Sheldon Dec at ¶¶ 17-18). As we demonstrated, Ms.

Moorehead's resume did not show any of these factors other than four months of previous experience. Id. at 30 (Sheldon Dec at ¶ 19). Thus, Ms. Moorehead did not receive a salary bump.

As previously demonstrated, to establish a prima facie Equal Pay Act claim, Ms. Moorehead bears the burden of demonstrating, in relevant part, that the TSA compensated Ms. Moorehead and her male comparators differently for similar work. See Lissak, 49 Fed. Cl. at 284. Rather than satisfying her burden, in her response, Ms. Moorehead has inappropriately attempted to shift the burden to the Government to present "evidence which show the performance of work of males and females in the position of Transportation Security Screener were different in some manner." Pl. Br. at 7. Again, the fact that some male employees and some female employees might have received higher pay than Ms. Moorehead does not, in and of itself, establish a prima facie case of an Equal Pay Act violation. In this case, males and females were for all intents and purposes treated equally.

Thus, Ms. Moorehead has failed to meet her burden to demonstrate a prima facie case under the Equal Pay Act.

## III. Assuming That Ms. Moorehead Has Established A Prima Facie Case, The Pay Differential Was Not Based Upon Gender

Assuming Ms. Moorehead has established a prima facie case, we demonstrated that the United States is still entitled to judgment, because the evidence overwhelmingly establishes that the starting salary differentials were based on a "factor other than sex." Thus, because any pay differential between Ms. Moorehead and her comparators was gender-neutral, judgment should be entered for defendant.

Ms. Moorehead contends that "[m]ales were awarded higher starting salaries, without having any of the required experience . . . and all applicants were required to take the same training and no distinction was made by TSA in work assignments based upon the experience factor." Pl. Br. at 8 (citing Pl. P.S.U.F. at 10-11, 13-26). Ms. Moorehead's contentions are unavailing.

Initially, Ms. Moorehead's contention that "the Government must present evidence which would show no rational fact finder could find the salary difference was based upon anything other than the experience of the applicant and the experience was related to its stated purpose," is incorrect. Pl. Br. at 7 (citing 29 U.S.C. § 206(d)(1)). Rather, "[a]ll that the Government must show is that the plan and rules rationally relate to a legitimate interest, under any conceivable set of facts." Behm v. United States, 68 Fed. Cl. 395, 402 (2005) (Vance v. Bradley, 440 U.S. 93, 97 (1979)); but see Mansfield v. United States, 71 Fed. Cl. 687, 693 (2006) ("The employer's burden to establish an affirmative defense under the EPA is a heavy one.") (citation omitted). "If the factor is a mere pretext used by an employer who intended to discriminate on the basis of gender, then the affirmative defense fails." Behm, 68 Fed. Cl. at 400 (citations omitted). The question of pretext places, "at the least, a burden of production on plaintiffs to come forward with evidence that could disprove (or, if you will, prevent the employer from proving) the affirmative defense. At the summary judgment stage, this means evidence from which it may reasonably be inferred that the real factor behind wage differentials was not the identified 'factor other than sex.'" Id.

Contrary to Ms. Moorehead's contention that "[m]ales were awarded higher starting salaries, without having any of the required experience," Pl. Br. at 8, as we demonstrated, the

reason for the pay differential between Ms. Moorehead and her alleged comparators was gender-neutral and Ms. Moorehead has not pointed to any evidence which would reasonably lead to the inference that a pretext existed. Specifically, the NCS Pearson representatives responsible for hiring the 1,039 screening work force at SeaTac gave salary bumps to individuals with (1) screening or other similar security work experience (perhaps depending on the number of equipment certifications the individual held); (2) prior law enforcement experience, including police, firefighting and correctional officer experience; (3) prior military experience; (4) prior managerial experience; and (5) advanced degrees. Additionally, the NCS Pearson representatives gave starting salary bumps in some situations where the candidate had been earning considerably more in his or her previous job. Def. P.S.U.F. at 29 (Sheldon Decl.).

Ms. Moorehead also contends that the "Government in this case has failed to submit any evidence that experience was reasonably related to new hires being able to perform the job better or with less training." Pl. Br. at 8. Ms. Moorehead's contention is specious. "Employers may prefer and reward experience, believing it makes a more valuable employee, for whatever reason." Fallon v. State of Ill., 882 F.2d 1206, 1212 (7th Cir. 1989) (emphasis added). Moreover, employers are entitled to use individualized qualifications as legitimate grounds for wage differences provided that such qualifications are not gender based. Covington v. Southern Ill. Univ., 816 F.2d 317 (7th Cir. 1987), cert. denied, 484 U.S. 848, 108 S. Ct. 146 (1987); Hutchins v. Int'l Brotherhood of Teamsters, 177 F.3d 1076,1081 (8th Cir. 1999) ("A differential that is based on education or experience is a factor other than sex recognized by the Equal Pay Act"); Irby v. Bittick, 44 F.3d 949, 956 (11th Cir. 1995) (stating that "[e]xperience is an acceptable factor other than sex if not used as a pretext for differentiation because of gender");

Pouncy v. Prudential Ins. Co., 668 F.2d 795, 803 (5th Cir. 1982) ("Different job levels, different skill levels, previous training, and experience: all may account for unequal salaries in an environment free of discrimination."). Thus, contrary to Ms. Moorehead's contention, the Government does not bear the burden to justify the experience it considered worthy of increased starting salaries.

Further, Ms. Moorehead provides no basis upon which to contend that there are "application files, of males with no experience and males who failed the qualifications requirements receiving higher starting salaries . . . ." Pl. Br. at 9. Similarly, Ms. Moorehead's contention that "despite having the creditable specialized experience, [she] was not given a higher salary and TSA somehow lost her Salary Determination Decision Tool," Id. at 8, is unsupported by the record. Rather, the record indicates that Ms. Moorehead did not possess specialized experience sufficient for a salary bump and that a salary determination decision tool was not contained in her record. Def. Exh. D ¶ 19. Further still, even if Ms. Moorehead did have a basis upon which to make her contention, it is settled that if an employer makes a business decision to offer a higher salary based on prior experience, it is not the court's province to second-guess an employer's business judgments. Fallon, 882 F.2d at 1212. Even the presence of subjectivity or informality in the structure or administration of a policy cannot, standing alone, support an inference of discrimination. Taylor v. White, 321 F.3d 710, 717 (8th Cir. 2003). Ms. Moorehead cannot properly challenge TSA's decision to offer higher salaries based upon the experience of the applicants.

Finally, Ms. Moorehead contends that Mr. Sheldon's declaration does "not support the Government's burden to show the absence of sex as a factor in setting the starting salaries of Ms.

Moorehead and male applicants." Pl. Br. at 8. As we demonstrated above, Mr. Sheldon's declaration satisfies Rule 56(e) because it is properly based upon his experience and review of the relevant business records. M.A. DeAtley, 75 Fed. Cl. at 818. Thus, contrary to Ms. Moorehead's contention, Mr. Sheldon's declaration is sufficient to establish that the starting salary differentials at issue were based on a "factor other than sex."

Thus, because any pay differential between Ms. Moorehead and her comparators was gender-neutral, judgment should be entered for defendant.

## CONCLUSION

For these reasons, we respectfully request that the Court grant defendant's motion for summary judgment.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

/s/ David S. Silverbrand
DAVID S. SILVERBRAND
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tel: (202) 305-3278
Fax: (202) 353-7988

Attorneys for Defendant

Of Counsel:

GILLIAN FLORY
Attorney Advisor
Transportation Security Administration

August 29, 2008

CERTIFICATE OF SERVICE

I certify under that on this 29th day of August, 2008 a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ DAVID S. SILVERBRAND