UNITED STATES COURT OF FEDERAL CLAIMS
WASHINGTON, D.C.

| | | |
|---|---|---|
| Paula R. Moorehead, Plaintiff | ) | |
| v. | ) | C.A. No. 07-654 C GWM |
| The United States, Defendant | ) | |

**MEMORANDUM IN SUPPORT OF RESPONSE OF PLAINTIFF PAULA MOOREHEAD TO DEFENDANT'S PROPOSED FINDING OF UNCONTROVERTED FACT**

Plaintiff Paula Moorehead, (Ms. Moorehead), pursuant to the September 2, 2008 Order of the Court, submits this response to *Defendant's Proposed Finding of Uncontroverted Fact*, submitted by Defendant on August 29, 2008, after the filing of the Defendant's Motion For Summary Judgment. Ms. Moorehead relies upon the facts and law set forth in Plaintiff's *Memorandum in Opposition to Defendant's Motion for Summary Judgment*. and *Plaintiff's Proposed Findings of Uncontroverted Facts*

*Defendant's Proposed Finding of Uncontroverted Fact* does not meet the substantial burden a moving party must meet in a motion for summary judgment. As set forth in *Riley & Ephraim Construction Co. v. U.S.*, 408 F.3d. 1369-1371-1372 (Fed.Cir. 2005), *Harper/Nielsen-Dillingham Builders, Inc. v. U.S.*, 81 Fed.Cl. 667, 673-674 (2008), and *Lissak v. U.S.* 49 Fed.Cl. 281, 282 (2001), the moving party must submit evidence of the absence of disputes on material issues of fact, essential to the mon-movant's claim. Affidavits must be based upon personal knowledge, to which an affiant is competent to testify, *Adarbe v. U.S.*, 58 Fed.Cl. 707, 711 (2003); *Halliday v. U.S.*, 7 Cl.Ct. 315, 322 (1985).

The Government's burden, for summary judgment, under the Equal Pay Act, (EPA), 29 U.S.C. § 206(d)(1), is to show the absence of evidence that males and females are being paid unequal wages for work of the same skill, effort, and responsibility or to show the Government qualifies for one of the

enumerated exceptions, *Mansfield v. U.S.*, 71 Fed.Cl. 687, 692-693 (2006); *Beck-Wilson v. Principii*, 441 F.3d.. 353, 360, 362-363 (6th Cir. 2006).

The Government's motion is deficient based upon its reliance on an the *Sheldon Declaration.* Mr. Sheldon is unable to testify to the facts based upon his personal knowledge. As Mr. Sheldon stated in his deposition he had no input in the hiring process which occurred at the Seattle-Tacoma Airport; had no involvement in the development of the salary policy, since he was not employed; and could not reconstruct the determinations made by NCS Pearson. Mr. Sheldon's statement that gender was not a factor in the salary determination process; that NCS Pearson looked at experience; and job offers were made only to individuals who passed the tests and met the required experience are merely speculation. Mr. Sheldon's statements would not be admissible at trial and cannot be used to support a motion for summary judgment. Mr. Sheldon's statement as to Ms. Moorehead's salary offer and her experience is likewise inadmissible. Ms. Moorehead submitted her work experience and her prior salary. TSA lost Ms. Moorehead's Salary Decision Tool. The lost records show any statements of Mr. Sheldon are not based upon the facts. A moving party must submit admissible evidence, in support of its motion. The Government has not met its burden to submit admissible evidence in support of its motion and the motion for summary judgment should be denied on this basis.

Under the EPA, a plaintiff must submit evidence that females are receiving less pay for performing work of the same skill, effort, and responsibility; proof of discriminatory intent is not required; and skills and qualifications of individual employees are not part of the prima facie case, *Beck-Wilson v. Principii*, *supra*. and *Mansfield v. U.S.*, *supra*. Ms. Moorehead has submitted evidence and the Government agrees salary differences existed for males and females in the position of Transportation Screener. Ms. Moorehead has established a prima facie case. The Government's effort, to contend a prima facie case does not exist, is defeated by its admission the salary differences and their failure to submit any evidence that higher salaries

were attributable to the performance of different duties; the requirement of different skills; or different effort related to the position. The Government points in its motion to the number of males and females, who received higher salaries as evidence the salary differential was not based upon sex. The number of males and females receiving higher salaries is not the issue in an EPA case. The issue is whether the males and females are being paid different wages for a job requiring the same skill, effort, and responsibility. Even if one sought to use a numerical criteria, it would not apply in this case. Specialized experience is the criteria identified as the reason for the higher salaries. In addition, although females represented 48% of the new hires, they represented only 26% of the new hires receiving higher salaries. Males represented 73% of the individuals receiving higher salaries. Such a disparity cannot be explained, unless one surmises that all the males had the required specialized experience. An assumption which is directly refuted by the male applicant files. The Government submitted no evidence to explain this numerical disparity in the number of males and females receiving higher starting salaries.

The establishment of a prima facie case shifts the burden to the Government to come forward with evidence of an affirmative defense for the salary differential. Under the EPA, this burden remains at all times with the employer. On summary judgment, the Government is required to submit substantial and admissible evidence to show the affirmative defense is the true cause for the salary difference. In this case, the affirmative defense of specialized experience is placed in dispute by the files of the male applicants, which show higher starting salaries for individuals who had little or no experience related to passenger and baggage screening functions. Mr. Sheldon's declaration is not sufficient to meet the Government's burden to support its affirmative defense. In his deposition, Mr. Sheldon testified he had no input in the hiring process and was unable to reconstruct any of the salary determinations. Contrary to the Government's attempt to shift the responsibility to NCS Pearson, it is clear from Mr. Sheldon's deposition testimony, TSA retained the final approval on all salary offers. The employer's burden on an affirmative defense is to show

the identified criteria is the cause of the wage differential and the factor is related to its stated purpose, *Mansfield*, at 693. Qualifications and skills of individuals are part of the employer's defense, *Beck-Wilson v. Principii*, *supra*., at 362-363. No evidence has been submitted by the Government which shows any relation of the experience to the performance of the duties of a Transportation Screener or any relationship to a benefit the employer derived from the use of the criteria. As Ms. Moorehead testified, upon hire, each screener was required to submit to the same training; received the same work assignments; and had the same duties and responsibilities. The Government has submitted no evidence which would show the specialized experience made any contribution to its stated purposes of achieving a higher level of performance more quickly and attracting and retaining highly qualified candidates. Mr. Sheldon's Declaration on these matters states mere conclusions, unsupported by any evidence, and therefore is inadmissible. The employer bears the burden of proof and persuasion on an affirmative defense, *Mansfield*, at 693. The applicant files are sufficient evidence to place in dispute a material issue of fact, since the files show males receiving higher salaries without the required experience and without passing the required

tests;. The Government's motion should be denied for failure to put forward admissible evidence to meet its burden on its affirmative defense.

**Conclusion**

For the reasons stated in *Plaintiff' Proposed Findings of Uncontroverted Facts, Memorandum In Opposition to Defendant's Motion for Summary Judgment, Plaintiff's Response to Defendant's Proposed Findings of Uncontroverted Facts*, and this Memorandum, Ms. Moorehead respectfully requests the Defendant's *Motion for Summary Judgment* be denied.

Respectfully Submitted,

/s/________________________

Barbara B. Hutchinson
D.C. Bar No. 418967
7907 Powhatan Street
New Carrollton, MD. 20784
Telephone: (301) 577-3387
Facsimile: (301) 577-3764
Attorney for Plaintiff